**Norris McLaughlin & Marcus, P.A.**
A Professional Corporation
875 Third Ave., 8th Floor
New York, NY 10022
(212) 808-0700
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs
and Class Members*



**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

ISSA KONE, ADAMA DIOMANDE, and ALY
CAMARA, *on behalf of themselves individually,
and on behalf of Class Members,*

        Plaintiffs,

     v.

JOY CONSTRUCTION CORPORATION,
AMNON SHALHOV, NISAN LOBEL, and
JOHN DOES 1-10,

        Defendants.

---

Case No.:

**CLASS AND COLLECTIVE
ACTION COMPLAINT**

Jury Trial Demanded

---

Plaintiffs Issa Kone ("Kone"), Adama Diomande ("Diomande") and Aly Camara ("Camara," and with Kone and Diomande, "Plaintiffs"), on behalf of themselves and others similarly situated, by and through their undersigned attorneys, Norris McLaughlin & Marcus, P.A., by way of Class and Collective Action Complaint against Defendants Joy Construction Corporation ("Joy Construction"), Amnon Shalhov ("Shalhov"), Nisan Lobel ("Lobel"), and John Does 1-10 ("John Does," and with Joy Construction, Shalhov, and Lobel, "Defendants") state as follows:

<u>INTRODUCTION</u>

1.    This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 *et seq.* ("FLSA"), New York Labor Law §§ 650 *et seq.* and 663, New York Labor

Law § 190 *et seq.*, and 12 New York Codes, Rules and Regulations ("NYCRR") § 137-1.2; 137-1.3, and 137-1.7, to recover unpaid minimum wages, unpaid overtime wages, unpaid spread of hours compensation, uniform allowance, liquidated damages and statutory penalties, and attorneys' fees and costs.

2. This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. §216(b), and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure, by Plaintiffs on behalf of all non-exempt employees—including but not limited to security guards, laborers, and those performing other related tasks—employed by Defendants on or after the date that is six years before the filing of this Complaint (the "Class" or "Class Members").

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 38 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff Issa Kone is a resident of New York County, New York.

6. Plaintiff Adama Diamonde is a resident of New York County, New York

7. Plaintiff Aly Camara is a resident of Bronx County, New York.

8. Defendant Joy Construction Corporation is a domestic business corporation organized under the laws of the State of New York, with an address for service of process and a principal place of business located at 40 Fulton Street, 21st Floor, New York, NY 10038.

9. Amnon Shalhov is a co-owner and Chief Executive Officer of Joy Construction.

10. Nisan Lobel is a co-owner and a manager of Joy Construction.

11.     John Does 1-10 (together with Shalhov and Lobel, the "Individual Defendants") are Officers and Directors of Joy Construction who supervised Plaintiffs and the Class, and who were responsible for setting policies and overseeing the operations of Joy Construction, including but not limited to its employment practices.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12.     Plaintiffs bring claims for relief as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of the Class. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. 216(b).

13.     The claims of Plaintiffs stated herein are essentially the same as those of the other Class Members.

14.     At all relevant times, Plaintiffs and the Class Members are and have been similarly situated and have had substantially similar job requirements and pay provisions.

15.     At all relevant times, Plaintiffs and the Class Members are and have been subjected to Defendants' decisions, policies, plans and common policies, programs, practices, procedures, protocols, routines, and rules. Plaintiffs and Class Members have also been subjected to Defendants' willful failure and refusal to pay them the prevailing minimum wage, to pay them for overtime hours at the rate of time and one-half for work in excess of 40 hours per workweek, and to pay them an additional hour of compensation on workdays that Plaintiffs and Class Members worked in excess of 10 hours ("Spread of Hours Compensation").

16.     The Class Members are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the Class Members via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATION – NEW YORK

17.     Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P") Rule 23, on behalf of the Class.

18.     The proposed Class is so numerous that joinder of all Class Members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which that number could be calculated being presently within the sole control of Defendants, there are, upon information and belief, more than 100 members of the Class.

19.     Plaintiffs' claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions.  Plaintiffs and other Class Members sustained similar losses, injuries and damages arising from the same unlawful practices and procedures.  All the Class Members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation, the statutory minimum wage, and Spread of Hours Compensation.  In addition, no Class Member was given any wage statement that complied with the requirements of the New York Labor Law.  Class Members also were not given proper wage and hour notices at the inception of employment and annually thereafter, as required under the New York Labor Law.  Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member.

20.     Plaintiffs are able to fairly and adequately protect the interests of the Class, and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

21.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

22.     Defendants and other employees throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their

current employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

23.     There are questions of law and fact common to the Class that predominate over any questions affecting only individual class members, including:

> (a)     Whether Defendants employed Plaintiffs and the Class Members within the meaning of Federal and New York law;

> (b)     What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiffs and the Class Members properly;

> (c)     At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiffs and the Class Members for their work;

> (d)     Whether Defendants properly paid Plaintiffs and the Class Members for overtime;

> (e)     Whether Defendants properly paid Plaintiff and the Class Members the statutory minimum wage;

> (f)     Whether Defendants properly paid Plaintiffs and the Class Members Spread of Hours Compensation;

> (g)     Whether Defendants provided proper wage statements to Class Members informing them of information required to be provided on wage statements as required under the New York State law; and

> (h)     Whether Defendants provided Class Members with proper wage and hour notices at the inception of employment and annually thereafter as required under the New York Labor Law.

24.     The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, position held, and rules of pay for each Class Member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

## STATEMENT OF FACTS

Defendants' Conduct:

25.     Defendants operate a construction company responsible for construction projects throughout the New York City area, including but not limited to the locations where Plaintiffs and the Class worked.

26.     During all times relevant to this litigation, Joy Construction was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

27.     During all times relevant to this litigation, Defendants have engaged in a policy and practice of failing to pay their employees minimum wages for all hours worked as required by applicable federal and state law.

28.     During all times relevant to this litigation, Defendants have engaged in a policy and practice of requiring their employees to regularly work in excess of forty hours per week, without providing overtime compensation as required by the applicable federal and state law.

29.     During all times relevant to this litigation, Defendants have engaged in a policy and practice of requiring their employees to regularly work in excess of ten hours per day without paying them Spread of Hours Compensation as required by the applicable state law.

30.     Each of the Individual Defendants exercised control over the terms and conditions of the employment of the Plaintiffs and the Class. Each of the Individual Defendants had the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of the Plaintiffs and the Class. Each also had the power and authority to supervise and control supervisors of the Plaintiffs and the Class.

31.     Joy Construction instituted the practice of depriving Joy Construction's employees of minimum wages, overtime compensation, and Spread of Hours Compensation under the direction of the Individual Defendants.

32.     Defendants knowingly and willfully maintained (1) a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiffs and Class Members; (2) a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to Plaintiffs and Class Members; and (3) a policy of not paying Spread of Hours Compensation as required by applicable state law.

33.     Defendants also failed to provide Plaintiffs and Class Members with statutorily required wage and hour notices as required by New York Labor Law § 195 containing Plaintiff's and Class Members rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, in part so as to hide the Defendants' violations of the wage and hour laws, and to take advantage of the Plaintiff's lack of sophistication in wage and hour laws.

34.     Defendants willfully disregarded and purposefully evaded the recordkeeping requirements of the New York Labor Law and federal law by failing to maintain accurate and complete timesheets and payroll records.

Plaintiffs and Class Members:

35.     Defendants employed Plaintiffs and Class Members to perform work on various construction sites in and around the New York City area, including but not limited to construction labor, security, and other related tasks.

36.     Plaintiffs and all Class Members constituted "employees" as that term is defined under 29 U.S.C. § 203(e) and New York Labor Law § 651.

37. At all relevant times, the work performed by Plaintiffs and Class Members was directly essential in the business operated by Joy Construction.

38. The payments made to Plaintiffs and Class Members by Defendants constitute "wages" as that term is defined under New York Labor Law § 651.

39. Plaintiffs and Class Members possessed no discretion whatsoever with respect to the hours, the schedule, the construction projects and all other conditions of Plaintiffs' and Class Members employment with Defendants.

40. Plaintiffs and Class Members are not exempt from the minimum wage and overtime provisions of the FLSA or the New York Labor Law. None of Plaintiffs' and Class Members' duties or responsibilities was skilled in nature or required any specialized training. Plaintiffs and Class Members never worked in an executive, administrative, or professional capacity. Plaintiffs' and Class Members' work duties required neither discretion nor independent judgment. Plaintiffs' and Class Members' work duties did not require any advanced knowledge. Neither were the Plaintiffs and Class Members required to undergo a prolonged course of specialized intellectual instruction. All of the work that Plaintiffs and Class Members performed had been assigned by Defendants, and Defendants have been aware of all the work that Plaintiffs and Class Members have performed.

41. While working for Defendants, Plaintiffs and Class Members were regularly required to perform work for Defendants without receiving proper minimum wages, overtime compensation, and Spread of Hours Compensation as required by applicable federal and state law.

42. Plaintiffs have fulfilled all conditions precedent to the institution of this action, and/or such conditions have been waived.

<u>Class Representatives Kone and Camara</u>:

43.     Beginning in or about 2009, Plaintiff Kone was employed by Defendant Joy Construction as a security guard to watch over otherwise vacant construction sites during the hours when no construction crew was present on-site.  Kone spent his time in a small guard booth with nothing more than a chair and small space-heater.  Kone's employment with Joy Construction ended on or about September 12, 2014.

44.     During Kone's employment by Defendants, he consistently worked over 40 hours per week, and often worked in excess of 123 hours per week.  For a period of six years before his employment ended, Kone worked from Monday through Thursday as a security guard at one of Joy Construction's sites from 3:00 pm to 7:00 am, for a total of 60 hours per week.  Kone also worked as a security guard over the entire weekend, with little or no time allotted for sleep, working from 3:30 pm Friday to 7:00 am Monday morning, for a total of 63.5 hours per week.  Altogether, Kone worked in excess of 123 hours per week.

45.     Despite working well over 40 hours per week during the entire period of his employment with Defendants, Kone was paid a predetermined weekly salary that did not reflect the hours he dedicated to his duties.  Specifically, he received $500 per week regardless of the hours he had to work.

46.     Kone never received premium overtime pay, either at a straight time rate or at an overtime rate.  Throughout the relevant period of Kone's employment, it was Defendants' policy to deprive him of his earned and statutory overtime wages, although he was instructed and expected to work long hours six or seven days per week.  Defendants also failed to pay Kone Spread of Hours Compensation for each day he worked a spread of hours over 10 hours per day.

47.     Beginning in or about 2010, Plaintiff Diamonde was employed by Defendant Joy Construction as a security guard to watch over otherwise vacant construction sites during the hours when no construction crew was present on-site. Diamonde spent his time in a small guard booth with nothing more than a chair and small space-heater. Diamonde's employment with Joy Construction ended in or about February 2012.

48.     During Diamonde's employment by Defendants, he consistently worked over 40 hours per week, and often worked in excess of 123 hours per week. For his entire employment, Diamonde worked from Monday through Thursday as a security guard at one of Joy Construction's sites from 3:00 pm to 7:00 am, for a total of 60 hours per week. Diamonde also worked as a security guard over the entire weekend, with little or no time allotted for sleep, working from 3:30 pm Friday to 7:00 am Monday, for a total of 63.5 hours per week. Altogether, Diamonde worked in excess of 123 hours per week.

49.     Despite working well over 40 hours per week during the entire period of his employment with Defendants, Diamonde was paid a predetermined weekly salary that did not reflect the hours he dedicated to his duties. Specifically, he received $500 per week regardless of the hours he had to work.

50.     Diamonde never received premium overtime pay, either at a straight time rate or at an overtime rate. Throughout the relevant period of Diamonde's employment, it was Defendants' policy to deprive him of his earned and statutory overtime wages, although he was instructed and expected to work long hours six or seven days per week. Defendants also failed to pay Diamonde Spread of Hours Compensation for each day he worked a spread of hours over 10 hours per day.

51.     Beginning in or about 2004, Plaintiff Camara was employed by Defendant Joy Construction in two jobs at the same time. Camara was employed as both a security guard—under conditions similar to those of Kone and Diamonde, and as a laborer, working on various basic construction tasks throughout the day. Camara's employment with Joy Construction ended in or about June 2014.

52.     During Camara's employment by Defendants, he consistently worked over 40 hours per week, and often worked in excess of 150 hours per week. For a period of six years before his employment ended, Camara often worked five days per week as a laborer at one of Joy Construction's sites from 7:00 am to 3:30 pm, for a total of 42.5 hours per week. Camara also worked as a security guard at the same construction site from 3:30 pm one day to 7:00 am the next day, and would work as a security guard over the entire weekend, from 3:30pm Friday to 7:00 am Monday, at which time he would return to his duties as a laborer. Camara was essentially working every hour of every week, taking only short lunch breaks and very short cat-naps while sitting up in his guard booth at night. Together, Camara worked in excess of 150 hours/week.

53.     Despite working well over 40 hours per week during the entire period of his employment with Defendants, Camara was paid a predetermined weekly salary that did not reflect the hours he dedicated to his duties. Specifically, he received $500 per week for his employment as a security guard, regardless of the hours he had to work, and $15 per hour for his employment as a construction laborer, regardless of the hours he had to work.

54.     Camara never received premium overtime pay, either at a straight time rate or at an overtime rate. Through the relevant period of Camara's employment, it was Defendants' policy to deprive him of his earned and statutory overtime wages, although he was instructed and

expected to work long hours six or seven days per week. Defendants also failed to pay Camara Spread of Hours Compensation for each day he worked a spread of hours over ten hours per day.

55.     Plaintiffs have retained Norris McLaughlin & Marcus, P.A. to represent them and the Class in this litigation and have agreed to pay the firm a reasonable fee for its services.

## FIRST CAUSE OF ACTION
## FLSA MINIMUM WAGE COMPENSATION

56.     Plaintiffs repeat and reallege Paragraphs 1 through 49 of the Class and Collective Action Complaint as if fully set forth herein.

57.     Pursuant to 29 U.S.C. § 206, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:  (1) except as otherwise provided in this section, not less than—(A) $5.45 an hour, beginning on the 60th day after May 25, 2007; (B) $6.25 an hour, beginning 12 months after that 60th day; and (C) $7.25 an hour, beginning 24 months after that 60th day [July 24, 2009]."

58.     Defendants are employers within the meaning contemplated pursuant to 29 U.S.C. § 203(d).

59.     Plaintiffs and Class Members are employees within the meaning contemplated pursuant to 29 U.S.C. § 203(e).

60.     Plaintiffs and Class Members, during all relevant times, engaged in commerce or in the production of goods for commerce, or were employed in an enterprise engaged in commerce or in the production of goods for commerce.

61.     None of the exemptions of 29 U.S.C. § 213 applies to Plaintiffs or Class Members.

62.     Defendants violated the FLSA by failing to pay Plaintiffs and other Class members minimum wages for all hours worked in any given week.

63.     Upon information and belief, the failure of Defendants to pay Plaintiffs and Class Members their rightfully-owed wages was willful.

64.     By the foregoing, Defendants are liable to Plaintiffs and the Class in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest and attorneys' fees and costs.

## SECOND CAUSE OF ACTION
## FLSA OVERTIME WAGE COMPENSATION

65.     Plaintiffs repeat and reallege Paragraphs 1 through 58 of the Class and Collective Action Complaint as if fully set forth herein.

66.     Pursuant to 29 U.S.C. § 207, "no employer shall employ any of his employees. . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

67.     Upon information and belief, Defendants violated the FLSA by failing to pay Plaintiffs and Class Members earned overtime wages at the rate of one and one-half times the regular rate of pay, for all time in which they worked in excess of 40 hours in any given week.

68.     Upon information and belief, Defendants' failure to pay Plaintiffs and other Class members their rightfully-owed overtime compensation was willful.

69.     By the forgoing, Defendants are liable to Plaintiffs and Class Members in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees, and costs.

### THIRD CAUSE OF ACTION
### NEW YORK MINIMUM WAGE COMPENSATION

70.     Plaintiffs repeat and reallege Paragraphs 1 through 63 of the Class and Collective Action Complaint as if fully set forth herein.

71.     Pursuant to New York Labor Law § 652 and the supporting New York State Department of Labor Regulations, "every employer shall pay to each of its employees for each hour worked a wage of not less than. . . $7.15 on and after January 1, 2007, or, if greater, such other wage as may be established by federal law pursuant to 29 U.S.C. § 206 or its successors, or such other wage as may be established in accordance with the provisions of this article."

72.     Defendants are employers within the meaning contemplated by New York Labor Law § 651(6) and the supporting New York State Department of Labor Regulations.

73.     Plaintiffs and Class Members are employees within the meaning contemplated pursuant to New York Labor Law § 651(5) and the supporting New York State Department of Labor Regulations.

74.     Upon information and belief, Defendants' violation or New York Labor Law § 651 *et seq.* and 12 NYCRR § 137-1.2 by failing to pay Plaintiffs and other Class Members their rightfully owed wages was willful.

75.     New York Labor Law § 663 provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and. . . reasonable attorneys' fees."

76. By the foregoing, Defendants have violated New York Labor Law § 650 *et. seq.* and 12 NYCRR § 137-1.2, and are liable to Plaintiffs and other Class Members in an amount to be determined at trial, plus damages, interest, attorneys' fees and costs.

## FOURTH CAUSE OF ACTION
## NEW YORK OVERTIME WAGE COMPENSATION

77. Plaintiffs repeat and reallege Paragraphs 1 through 70 of the Class and Collective Action Complaint as if fully set forth herein.

78. Title 12 NYCRR § 137-1.3 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate for hours worked in excess of 40 hours in one workweek."

79. Plaintiffs and Class Members regularly worked more than forty hours per workweek while working for Defendants.

80. Plaintiffs and other Class Members did not receive overtime compensation for all hours worked in excess of forty hours in any given week.

81. By failing to pay Plaintiffs and other Class Members overtime compensation, Defendants violated New York Labor Law § 663 and 12 NYCRR § 137-1.3.

82. Upon information and belief, Defendants' failure to pay overtime compensation to Plaintiffs and Class Members was willful.

83. By the foregoing, Defendants have violated New York Labor Law § 663 and 12 NYCRR § 137-1.3. and are liable to Plaintiffs and Class Members in an amount to be determined at trial, plus interest, damages, attorneys' fees and costs.

## FOURTH CAUSE OF ACTION
## NEW YORK FAILURE TO PAY WAGES

84. Plaintiffs repeat and reallege Paragraphs 1 through 77 of the Class and Collective Action Complaint as if fully set forth herein.

85. Pursuant to Article Six of the New York Labor Law, workers such as Plaintiffs and Class Members are protected against wage underpayments and improper employment practices.

86. Under New York Labor Law § 190, the term "employee" means "any person employed for hire by an employer in any employment."

87. As persons employed for hire by Defendants, Plaintiffs and Class Members are "employees" as that term is defined in New York Labor Law § 190.

88. Pursuant to New York Labor Law § 190, the term "employer" includes "any person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service."

89. Defendants hired Plaintiffs and Class Members, and therefore are "employers" as that term is defined in New York Labor Law § 190.

90. Plaintiffs and Class Members agreed upon wage rate and/or overtime compensation rate within the meaning of the New York Labor Law §§ 190-91.

91. Pursuant to New York Labor Law § 191, workers such as Plaintiffs and Class Members are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

92. In failing to pay the Plaintiffs and other Class Members proper wages and overtime payments for time worked after forty hours in one week, Defendants violated New York Labor Law § 191.

93. Pursuant to New York Labor Law § 193, "No employer shall make any deduction from the wages of an employee" that is not otherwise authorized by law or by the employee.

94.     By withholding wages and overtime payments for time worked over 40 hours in any given workweek from Plaintiffs and Class Members, Defendants made unlawful deductions in wages owed to Plaintiffs and Class Members pursuant to New York Labor Law § 193.

95.     Upon information and belief, Defendants' failure to pay Plaintiffs and other Class members proper wages and overtime payments for time worked after 40 hours in one week was willful.

96.     By the foregoing, Defendants have violated New York Labor Law § 198 and are liable to Plaintiffs and other Class Members in an amount to be determined at trial, plus damages, interest, attorneys' fees and costs.

## SIXTH CAUSE OF ACTION
## NEW YORK SPREAD OF HOURS

97.     Plaintiffs repeat and reallege Paragraphs 1 through 90 of the Class and Collective Action Complaint as if fully set forth herein.

98.     12 NYCRR §137-1.7 requires that "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which. . . the spread of hours exceeds 10 hours [in a day]."

99.     Plaintiffs and Class Members regularly worked more than 10 hours in a day.

100.     Defendants did not pay Plaintiffs and other members of the putative class an additional hour's pay when they worked more than ten hours in a day.

101.     By failing to pay Plaintiffs and Class Members an additional hour's pay when they worked more than ten hours in a day, Defendants violated 12 NYCRR § 137-1.7.

102.     By the foregoing, Defendants have violated 12 NYCRR § 137-1.7 and are liable to Plaintiffs and Class Members in an amount to be determined at trial, plus damages, interest, attorneys' fees and costs.

## SEVENTH CAUSE OF ACTION
## RECORD KEEPING VIOLATIONS

103.    Plaintiffs repeat and reallege Paragraph 1 through 96 of the Class and Collective Action Complaint as if fully set forth herein.

104.    Defendants have willfully failed to supply Plaintiffs and other Class Members with notice as required by New York Labor Law § 195, in English or in the language identified by Plaintiffs or Class Members as their primary language, containing Plaintiffs' and Class Members' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with New York Labor Law § 191; the name of the employer; and "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

105.    Defendants did not comply with New York Labor Law Article § 195(5) by failing to notify Plaintiffs and Class Members in writing or by publicly posting the employer's policy on sick leave, vacation, personal leave, holidays and hours.

106.    As a result of Defendants' violation of the New York Labor Law, Plaintiffs and Class Members are entitled to recover from Defendants $100.00 for each work week that the violations occurred or continue to occur or a total of $2,500.00, as provided for by New York Labor Law § 198, reasonable attorneys' fees, costs, injunctive and declaratory relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves and the Class respectfully request that this Court enter judgment against Defendants:

a. Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the Class;

b. Declaring that Defendants' violation of the provisions of the FLSA was willful as to Plaintiffs and Class Members;

c. Awarding Plaintiffs and Class Members damages for the amount of unpaid wages and overtime wages or any credits taken against wages under the FLSA, New York Labor Law, and any rules and orders promulgated under the later;

d. Awarding Plaintiffs and Class Members liquidated damages in an amount equal to 100% of Plaintiff's damages under the FLSA for the amount of unpaid overtime wages for the relevant period;

e. Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the New York Labor Law as to Plaintiffs and the Class;

f. Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs and the Class;

g. Declaring that Defendants have violated the recordkeeping requirements of the New York Labor Law with respect to Plaintiffs' and the Class's compensation, hours, ages and any deductions or credits taken against wages;

h. Declaring that Defendants have violated §§ 190 and 193 of the New York Labor Law by failing to timely pay the Plaintiffs and Class Members proper wages and

overtime payments and by unlawful deductions in wages owed to Plaintiffs and Class Members;

i.    Awarding Plaintiffs and Class Members damages for the amount of unpaid overtime wages, damages for any improper deductions or credits taken against wages and Spread of Hours Compensation under the New York Labor Law as applicable;

j.    Awarding Plaintiffs and Class Members double damages, liquidated damages in an amount equal to 100% of the total amount of minimum wage, Spread of Hours Compensation, and minimum and overtime compensation shown to be owed under the New York Labor Law as applicable;

k.    Awarding Plaintiffs and Class Members pre-judgment and post-judgment interest as applicable;

l.    Awarding Plaintiffs and Class Members the expenses incurred in this action, including costs and attorneys' fees; and

m.    All such other and further relief as to the Court seems just and proper under the circumstances.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: February 20, 2015

Respectfully submitted,

**Norris McLaughlin & Marcus, P.A.**
A Professional Corporation
875 Third Ave., 8th Floor
New York, NY 10022
(212) 808-0700
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs and Class members*

By: _____
Stephen H. Penn, Esq.

## FAIR LABOR STANDARDS ACT CONSENT

I consent to be a party plaintiff in a lawsuit against Joy Construction Corporation, and/or related entities and individuals, in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

By Signing and returning this consent form, I hereby designate Norris McLaughlin & Marcus, P.A. (the "Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement. I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firm will petition the Court for attorney's fees from any settlement or judgment in the amount of the greater of: 1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or 2) 1/3 of the gross settlement or judgment amount. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

X _Camara_
**Signature**

_ALY Camara_
**Full Legal Name**

_2080 LaFontaine Ave_
_Apt 6C_
_Bronx, N.Y. 10457_
**Address**

## FAIR LABOR STANDARDS ACT CONSENT

I consent to be a party plaintiff in a lawsuit against Joy Construction Corporation, and/or related entities and individuals, in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

By Signing and returning this consent form, I hereby designate Norris McLaughlin & Marcus, P.A. (the "Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement. I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firm will petition the Court for attorney's fees from any settlement or judgment in the amount of the greater of: 1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or 2) 1/3 of the gross settlement or judgment amount. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

_____
Signature

_Adama Diamonde_
Full Legal Name

_23 W 131st St. Apt. #5F_
_New York, NY 10037_

_____
Address

## FAIR LABOR STANDARDS ACT CONSENT

I consent to be a party plaintiff in a lawsuit against Joy Construction Corporation, and/or related entities and individuals, in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

By Signing and returning this consent form, I hereby designate Norris McLaughlin & Marcus, P.A. (the "Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement. I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firm will petition the Court for attorney's fees from any settlement or judgment in the amount of the greater of: 1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or 2) 1/3 of the gross settlement or judgment amount. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

_____
Signature

ISSA KONE
Full Legal Name

1 East 124th St. apt. #21
New York, NY 10035

_____
Address

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT

---

ISSA KONE, ADAMA DIOMANDE, and ALY CAMARA, *on behalf of themselves individually, and on behalf of Class Members*.

                                                        Plaintiffs,

- against -

JOY CONSTRUCTION CORPORATION, AMNON SHALHOV, NISAN LOBEL, and
JOHN DOES 1-10,

                                                        Defendants.

---

## CLASS AND COLLECTIVE ACTION COMPLAINT

---

*Norris McLaughlin & Marcus, P.A.*
*Attorneys for Plaintiff*
*875 Third Avenue*
*8th Floor*
*New York, New York 10022*
*(212) 808-0844*

---

*To:*

*Attorney(s) for*

---

*Service of a copy of the within*                              *is hereby admitted.*

*Dated:*

                                        ...........................................................
                                                        *Attorney(s) for*

---

## Certification Pursuant to 22 NYCRR §130-1.1A

Pursuant to §130-1.1a of the Rules of the Chief Administrator the undersigned certifies that to the best
of his knowledge, information and belief, the instant proceeding is not frivolous as defined by 22
NYCRR §130-1.1c.

*Stephen H. Penn, Esq.*

Penn Proefriedt Schwarzfeld & Schwartz