UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
:
ISSA KONE, ADAMA DIOMANDE, and ALY :
CAMARA, *on behalf of themselves individually,* : 15-CV-01328 (LTS)
*and on behalf of Class Members*, :
:
                Plaintiffs, :
:
     - against - :
:
JOY CONSTRUCTION CORPORATION, :
AMNON SHALHOV, NISAN LOBEL, and :
JOHN DOES 1-10, :
:
                Defendants. :
-----------------------------------------------------------------x


**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO PARTIALLY DISMISS THE COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(6)**


Dated:  New York, New York
        April 3, 2015


Of Counsel:

    Peter A. Walker
    Dov Kesselman
    Pinchos N. Goldberg


SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018
(212) 218-5500

*Attorneys For Defendants*

# **TABLE OF CONTENTS**

          **Page**

Table of Authorities ....................................................................................................................... ii

PRELIMINARY STATEMENT .................................................................................................... 1

STATEMENT OF FACTS ALLEGED.......................................................................................... 2

ARGUMENT .................................................................................................................................. 3

    I.    Legal Standard. ........................................................................................................ 3

    II.    Plaintiffs' First and Second Causes of Action Alleging FLSA Minimum Wage and Overtime Violations Should be Partially Dismissed. ........................... 4

    III.    Plaintiffs' Third, Fourth and Sixth Causes of Action Alleging NYLL Minimum Wage, Overtime and Spread of Hours Violations Should be Partially Dismissed. ................................................................................................. 4

    IV.    Plaintiffs' Fifth Cause of Action Alleging NYLL Violations for Failure to Pay Wages Owed Should be Dismissed in its Entirety.......................................... 7

    V.    Plaintiffs' Seventh Cause of Action Alleging NYLL Record Keeping Violations Should be Dismissed in its Entirety. ...................................................... 8

CONCLUSION............................................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ..................................................................................................................3

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ..................................................................................................................3

*Burke v. Lash Work Env'ts, Inc.*,
  408 F. App'x 438 (2d Cir. 2011) ...............................................................................................6

*Calavano v. N.Y. City Health & Hosp. Corp.*,
  246 A.D.2d 317, 667 N.Y.S.2d 351 (1st Dep't 1998) ...............................................................5

*Cheung v. N.Y. Palace Hotel*,
  03-cv-0091, 2005 U.S. Dist. LEXIS 34659 (E.D.N.Y. Sept. 28, 2005) ....................................6

*Defilippo v. Barclays Capital, Inc.*,
  552 F. Supp. 2d 417 (S.D.N.Y. 2008) .......................................................................................6

*Ford v. Forth Lennox Terrace*,
  No. 09-cv-2660, 2011 WL 2848654  (S.D.N.Y. July 18, 2011) ................................................5

*Gortat v. Capala Bros., Inc.*,
  No. 07-cv-3629, 2009 WL 3347091 (E.D.N.Y. Oct. 16, 2009, *report and
  recommendation adopted*, 2010 WL 1423018 (E.D.N.Y. Apr. 9, 2010),
  *aff'd* 568 F. App'x 78 (2d Cir. 2014) ........................................................................................5

*Guan Ming Lin v. Benihana New York Corp.*,
  No. 10-cv-1335, 2012 WL 7620734 (S.D.N.Y. Oct. 23, 2012), *report and
  recommendation adopted*, 2013 WL 829098 (S.D.N.Y. Feb. 27, 2013) ..................................9

*Hummel v. AstraZeneca LP*,
  575 F. Supp. 2d 568 (S.D.N.Y. 2008) .......................................................................................6

*Interpharm v. Wells Fargo Bank, Nat. Ass'n*,
  655 F.3d 136 (2d Cir. 2011) ......................................................................................................5

*Kletter v. Fleming*,
  32 A.D.3d 566, 820 N.Y.S.2d 348 (3d Dep't 2006) .................................................................8

*Lewis v. NYC Dept. of Educ.*,
  Civ. No. 12-cv-675, 2013 WL 5405534 (S.D.N.Y. Sept. 25, 2013) ......................................5, 6

*Moras v. Marco Polo Network, Inc.*,
   No. 11-cv-2081, 2012 WL 6700231 (S.D.N.Y. Dec. 20, 2012) ................................................8

*Morefun Co., Ltd., v. Mario Badescu Skin Care Inc.*,
   No. 13-cv-9036, 2014 WL 2560608 (S.D.N.Y. June 6, 2014,
   *aff'd,* 588 F. App'x 54 (2d Cir. 2014) ....................................................................................5

*Myers v. Hertz Corp.*,
   624 F.3d 537 (2d Cir. 2010) ....................................................................................................7

*Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*,
   No. 10-cv-2661, 2011 WL 321186 (S.D.N.Y. Jan. 28, 2011),
   *rev'd on other grounds*, 723 F.3d 192 (2d Cir. 2013) ............................................................7

*Pallonetti v. Liberty Mut.*,
   10 Civ. 4487, 2011 U.S. Dist. LEXIS 14529 (S.D.N.Y. Feb. 11, 2011) .................................6

*Pampillonia v. RJR Nabisco, Inc.*,
   138 F.3d 459 (2d Cir. 2011) ....................................................................................................5

*Ridinger v. Dow Jones & Co.*,
   717 F. Supp. 2d 369 (S.D.N.Y. 2010) *aff'd*, 651 F.3d 309 (2d Cir. 2011) ..............................7

*Russomanno v. Murphy*,
   No. 09-cv-8804, 2011 WL 609878 (S.D.N.Y. Feb. 16, 2011) .................................................7

*Simel v. JP Morgan Chase,*
   No. 05-cv-9750, 2007 WL 809689 (S.D.N.Y. Mar. 19, 2007) ............................................5, 6

*Wright v. Brae Burn Country Club, Inc.*,
   No. 08-cv-3172, 2009 WL 725012 (S.D.N.Y. Mar. 20, 2009) .................................................6

*Yuquilema v. Manhattan's Hero Corp.*,
   No. 13-cv-461, 2014 WL 4207106 (S.D.N.Y. Aug. 26, 2014), *report and*
   *recommendation adopted*, 2014 WL 5039428 (S.D.N.Y. Sept. 30, 2014) ..........................8, 9

**STATUTES**

29 U.S.C.A. § 255 ..............................................................................................................................4

Fair Labor Standards Act ("FLSA") .............................................................................................1, 4

N. Y. Lab. Law § 190, et seq. ............................................................................................................5

N. Y. Lab. Law § 191 ........................................................................................................................7

N. Y. Lab. Law § 193 .....................................................................................................................7, 8

N. Y. Lab. Law § 195 ........................................................................................................................9

N. Y. Lab. Law § 195(1) ............................................................................................................8

N. Y. Lab. Law § 195(5) ............................................................................................................8

N. Y. Lab. Law § 195(1)(a) ........................................................................................................9

N. Y. Lab. Law § 198(1-b) .........................................................................................................9

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(1) ..............................................................................................................1

Fed. R. Civ. P. 12(b)(6) ....................................................................................................1, 3, 5, 6

Fed. R. Civ. P. 12(c) ...................................................................................................................6

Fed. R. Civ. P. 12(d) ...................................................................................................................7

Defendants Joy Construction Corporation ("Joy"), Amnon Shalhov and Nisan Lobel (collectively, "Defendants"), by and through their attorneys, Seyfarth Shaw LLP, respectfully submit this memorandum of law in support of their motion pursuant to Fed. R. Civ. P. 12(b)(6) to partially dismiss the Complaint (the "Complaint or "Compl.") of Plaintiffs Issa Kone ("Kone"), Adama Diomande ("Diomande"), and Aly Camara ("Camara") (collectively, "Plaintiffs").

## PRELIMINARY STATEMENT

Plaintiffs are former employees of Joy who had worked as security guards, watching over otherwise vacant construction sites during the hours when no construction crews were present. Plaintiffs now claim that they were not paid the minimum wage, were denied overtime compensation, and were not provided with certain required wage notices, and assert claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") on behalf of themselves and others "similarly situated."[1]

As set forth in detail below, Plaintiffs' claims are largely deficient. Plaintiffs' First and Second Causes of Action, alleging FLSA minimum wage and overtime violations, are largely time barred by the applicable three-year statute of limitations, which bars any claims arising before February 24, 2012. In fact, one named Plaintiff is entirely untimely.

Plaintiffs' Third, Fourth and Sixth Causes of Action, alleging NYLL minimum wage, overtime and spread of hours violations, must similarly be largely dismissed, because each of the

---

[1] Although the Complaint purports to seek relief on behalf of "all non-exempt employees -- including but not limited to security guards, laborers, and those performing other related tasks -- employed by Defendants" (Compl. ¶ 2), the parties, after conferring pursuant to Rule 2B of Judge Swain's Individual practices, have agreed to amend the Complaint to narrow the scope of employees that Plaintiffs seek to represent. A copy of a stipulation to this effect is attached as Exhibit A to the accompanying Declaration of Peter A. Walker (the "Walker Declaration").

Plaintiffs signed a general release on June 3, 2011, releasing any and all wage and hour claims arising under the NYLL before that date.

Plaintiffs' Fifth Cause of Action, alleging NYLL violations for failure to pay wages owed, must be dismissed in its entirety, because the NYLL provisions under which Plaintiffs bring this claim do not provide relief for the facts alleged by Plaintiffs.

Finally, Plaintiffs' Seventh Cause of Action, alleging NYLL record keeping violations, must be dismissed in its entirety, because this provision did not exist when any of the Plaintiffs were hired, and there is no private right of action for the failure to provide an annual wage notice.

## STATEMENT OF FACTS ALLEGED[2]

Plaintiffs filed the Complaint on February 24, 2015, purporting to bring this action on behalf of themselves and others "similarly situated." (Compl., opening paragraph.) All three Plaintiffs allege that they were employed by Joy as security guards to watch over otherwise vacant construction sites during the hours when no construction crew was present on-site. (Compl. ¶¶ 43, 47, 51.) Camara alleges that in addition to working as a security guard, he also worked as a laborer, working on various basic construction tasks during the day. (Compl. ¶ 51.) Kone and Diomande allege that they regularly worked in excess of 123 hours per week. (Compl. ¶¶ 44, 48.) Camara alleges that he regularly worked in excess of 150 hours per week between his two jobs. (Compl. ¶ 52.)

---

[2] Solely for the purposes of this motion and as required by the Federal Rules, Defendants' statement of facts alleged assumes the truth of any well-pled factual allegations contained in the Complaint, but not of any conclusory allegations or legal conclusions contained therein. While assuming the truth of such allegations for the purposes of this motion only, Defendants otherwise unequivocally deny and will vigorously contest Plaintiffs' claims. A copy of the Complaint is attached as Exhibit B to the Walker Declaration.

While Plaintiffs purport to represent others who are "similarly situated" to them, the Complaint contains no specific factual allegations concerning when any such employees were employed by Joy or what job duties they performed.  Moreover, the Complaint contains no factual allegations whatsoever regarding the wages received by members of the putative class nor any allegations regarding the hours worked by members of the putative class, except to state, in conclusory fashion, that they would regularly work in excess of forty hours per week (Compl. ¶¶ 14, 28, 67) and in excess of ten hours per day.  (Compl. ¶¶ 15, 29, 99.)

## ARGUMENT

**I.    LEGAL STANDARD.**

A complaint cannot survive a motion to dismiss under Rule 12(b)(6) unless it "contain[s] sufficient factual matter" to state a claim for relief that is "'plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The plausibility standard requires showing more than "a sheer possibility that a defendant has acted unlawfully."  *Id.*  It also requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and more than "'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 557).  Rather, the factual allegations must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  To meet this standard, a plaintiff must plead sufficient factual content to allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678.  In addition, while the Court must accept as true the Complaint's well-pleaded factual allegations and draw all reasonable inferences in favor of the non-movant, the Court is not required to accept the assertions in the non-moving party's pleading that constitute conclusions of law.  *Id.*

## II. PLAINTIFFS' FIRST AND SECOND CAUSES OF ACTION ALLEGING FLSA MINIMUM WAGE AND OVERTIME VIOLATIONS SHOULD BE PARTIALLY DISMISSED.

Plaintiffs' First and Second Causes of Action, for violations of the FLSA, should largely be dismissed because they are barred, in whole or in part, by the applicable three-year statute of limitations, which bars any claims arising prior to February 24, 2012. *See* 29 U.S.C.A. § 255.[3] Although the Complaint vaguely alleges that Diamonde's employment ended in "February 2012" (Compl. ¶ 47), his employment actually ended on February 2, 2012 (Brake Declaration ¶ 4), which is outside the statutory period. Accordingly, Diamonde's FLSA claims are time-barred in their entirety and he should be dismissed from the action. Moreover, because the Complaint alleges that Kone's employment ended on September 12, 2014 (Compl. ¶ 43), his FLSA claims are restricted to the period between February 24, 2012 and September 12, 2014, and any claims arising outside of this period should be dismissed. Similarly, although the Complaint vaguely alleges that Camara's employment ended on in "June 2014" (Compl. ¶ 51), his employment actually ended on July 10, 2014 (Brake Declaration ¶ 4). Accordingly, Camara's FLSA claims are restricted to the period between February 24, 2012 and July 10, 2014, and any claims arising outside of this period should be dismissed.

## III. PLAINTIFFS' THIRD, FOURTH AND SIXTH CAUSES OF ACTION ALLEGING NYLL MINIMUM WAGE, OVERTIME AND SPREAD OF HOURS VIOLATIONS SHOULD BE PARTIALLY DISMISSED.

Plaintiffs' Third, Fourth and Sixth Causes of Action, for violations of the NYLL, should similarly largely be dismissed because on June 3, 2011, each of the Plaintiffs entered into valid agreements with Joy, releasing, *inter alia*, any and all wage and hour claims arising under the NYLL. The general releases in each of these agreements provided as follows:

---

[3] Defendants reserve the right to establish a lack of willfulness, so that the FLSA's two-year statute of limitation applies, but for purposes of this motion only, refer to the three-year statute of limitations.

4

> 2. <u>General Release</u>. "… Employee hereby releases the Company, its managers and owners from any and all causes of action or claims that Employee has had, now has or may have up to the date of this Agreement including, but not limited to, those arising out of or in connection with Employee's employment or any claims for unpaid compensation, at common law or pursuant to any federal, state, or local employment laws, statutes, public policies, orders or regulations, including without limitation, the Fair Labor Standards Act, … the New York Labor Law § 190, et seq., specifically including all state wage and hour claims …"

(Brake Declaration, Exhibits A, B, D.)

Under New York law, general releases are governed by principles of contract law. *Lewis v. NYC Dept. of Educ.*, Civ. No. 12-cv-675, 2013 WL 5405534, at *4 (S.D.N.Y. Sept. 25, 2013) (granting motion to dismiss on the grounds that Plaintiff's claims were released by valid settlement agreement). "[A] valid release constitutes a complete bar to an action on a claim which is the subject of the release." *Morefun Co., Ltd., v. Mario Badescu Skin Care Inc.*, No. 13-cv-9036, 2014 WL 2560608, at *4 (S.D.N.Y. June 6, 2014), , *aff'd,* 588 F. App'x 54 (2d Cir. 2014) (citing *Interpharm v. Wells Fargo Bank, Nat. Ass'n*, 655 F.3d 136, 142 (2d Cir. 2011). Courts will not treat a release lightly because it is "a jural act of high significance without which the settlement of disputes would be rendered all but impossible." *Simel v. JP Morgan Chase,* No. 05-cv-9750, 2007 WL 809689, at *3 (S.D.N.Y. Mar. 19, 2007) (citing *Calavano v. N.Y. City Health & Hosp. Corp.*, 246 A.D.2d 317, 319, 667 N.Y.S.2d 351 (1st Dep't 1998)). Consequently, "a release that is clear and unambiguous on its face and which is knowingly and voluntarily entered into will be enforced." *Ford v. Forth Lennox Terrace*, No. 09-cv-2660, 2011 WL 2848654, at *5 (S.D.N.Y. July 18, 2011) (citing *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 463 (2d Cir. 2011).

This principle applies with equal force to waivers of claims brought pursuant to the NYLL. *See Gortat v. Capala Bros., Inc.*, No. 07-cv-3629, 2009 WL 3347091, at *3 (E.D.N.Y.

5

Oct. 16, 2009), *report and recommendation adopted*, 2010 WL 1423018 (E.D.N.Y. Apr. 9, 2010), *aff'd* 568 F. App'x 78 (2d Cir. 2014) ("[C]ourts regularly enforce agreements that release NYLL wage and overtime claims."); *Wright v. Brae Burn Country Club, Inc.*, No. 08-cv-3172, 2009 WL 725012, at *4 (S.D.N.Y. Mar. 20, 2009) ("There is no express restriction on the private settlement or waiver of wage and hour claims under New York law."); *Hummel v. AstraZeneca LP*, 575 F. Supp. 2d 568, 570 (S.D.N.Y. 2008) ("Agreements that purportedly release employers from liability for claims arising under the New York Labor Law overtime requirements are generally valid and enforceable."); *Defilippo v. Barclays Capital, Inc.*, 552 F. Supp. 2d 417, 427 (S.D.N.Y. 2008) (enforcing release of NYLL overtime claims where the employee signed a severance agreement expressly releasing his employer from "any and all causes of action").

Moreover, the issue as to whether any of Plaintiffs' claims are barred by a valid release is properly before the Court on a Rule 12(b)(6) motion. *See Burke v. Lash Work Env'ts, Inc.*, 408 F. App'x 438, 441 (2d Cir. 2011) (remanding the case to the district court because " whether the defendants' . . . claims are extinguished by the Settlement Agreement and Release are questions whose resolution is properly addressed by the District Court on a Rule 12(b)(6) motion."); *Lewis v. NYC Dep't of Educ.*, No. 12-cv-675, 2013 WL 5405534, at *3 (S.D.N.Y. Sept. 25, 2013) (granting Rule 12(b)(6) motion to dismiss based on release); *Simel*, 2007 WL 809689, at *6 (same).[4]

---

[4] *See also, Pallonetti v. Liberty Mut.*, 10 Civ. 4487, 2011 U.S. Dist. LEXIS 14529, at *4 (S.D.N.Y. Feb. 11, 2011) (granting the defendant's Rule 12(c) motion for judgment on the pleadings because the plaintiff had signed a valid release barring her claims); *Cheung v. N.Y. Palace Hotel*, 03-cv-0091, 2005 U.S. Dist. LEXIS 34659, at *4-5 (E.D.N.Y. Sept. 28, 2005) (granting Defendant's Rule 12(c) motion because Plaintiff signed a release barring her claims).

Because Plaintiffs have irrevocably waived any claims under the NYLL arising prior to June 3, 2011, any such claims should be dismissed.[5]

### IV. PLAINTIFFS' FIFTH CAUSE OF ACTION ALLEGING NYLL VIOLATIONS FOR FAILURE TO PAY WAGES OWED SHOULD BE DISMISSED IN ITS ENTIRETY.

Plaintiffs' Fifth Cause of Action, alleging that Joy failed to pay wages owed, in violation of NYLL §§ 191 and 193, cannot withstand scrutiny and should be dismissed in its entirety.

#### A.   NYLL § 191

NYLL § 191, entitled "Frequency of payments," provides that employees not falling into one of the specific categories set forth in that section "shall be paid the wages earned in accordance with the agreed terms of employment, but not less frequently than semi-monthly, on regular pay days designated in advance by the employer." *Id*. § 191(d).  However,  NYLL § 191 only deals with the timeliness, and not the amount, of wage payments. *See Myers v. Hertz Corp.*, 624 F.3d 537, 545 (2d Cir. 2010) ("Labor Law § 191 by its terms only involves the timeliness of wage payments, and does not appear to afford to plaintiffs any substantive entitlement to a *particular* wage") (emphasis in original); *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, No. 10-cv-2661, 2011 WL 321186, at *3 (S.D.N.Y. Jan. 28, 2011) ("Section 191 deals only with the timing, not the amount, of payment."), *rev'd on other grounds*, 723 F.3d 192 (2d Cir. 2013).  As the Complaint here not only fails to allege a claim based on the frequency of payments, but also makes clear that Joy complied with NYLL § 191's timing requirements (*see*

---

[5]   If the Court is not inclined to consider Plaintiffs' signed releases on a motion to dismiss, Defendants respectfully request that Defendants' motion be treated as a motion for summary judgment, pursuant to Fed. R. Civ. P. 12(d), with respect to Plaintiffs' Third, Fourth and Sixth Causes of Action, alleging NYLL violations.  *See Russomanno v. Murphy*, No. 09-cv-8804, 2011 WL 609878, at *5 (S.D.N.Y. Feb. 16, 2011) (converting motion to dismiss to motion for summary judgment in order to consider release of employment discrimination claims); *Ridinger v. Dow Jones & Co.*, 717 F. Supp. 2d 369, 374 (S.D.N.Y. 2010) *aff'd*, 651 F.3d 309 (2d Cir. 2011) (converting motion to dismiss to motion for summary judgment because of moving parties' reliance on separation agreement).

Compl. ¶¶ 45, 49 and 53 (alleging that each of the Plaintiffs was paid on a weekly basis)), the Complaint fails to allege a violation of NYLL § 191.

      **B.**      **NYLL § 193**

NYLL § 193, entitled "Deductions from wages," prohibits employers from making certain deductions from wages. However, this section has nothing to do with general allegations of failure to pay wages owed, such as those asserted by Plaintiffs here. *See Moras v. Marco Polo Network, Inc.*, No. 11-cv-2081, 2012 WL 6700231, at *11 (S.D.N.Y. Dec. 20, 2012) ("Section 193 has nothing to do with failure to pay wages …, governing instead the specific subject of making deductions from wages.") (internal citation omitted); *Kletter v. Fleming*, 32 A.D.3d 566, 567, 820 N.Y.S.2d 348, 350 (3d Dep't 2006) (general allegation of failure to pay money due does not state a claim under § 193 absent allegation of "any specific deduction" from wages). As the Complaint here contains no allegations regarding any deductions from wages taken by Joy, the Complaint fails to allege a violation of NYLL § 193.

**V.**      **PLAINTIFFS' SEVENTH CAUSE OF ACTION ALLEGING NYLL RECORD KEEPING VIOLATIONS SHOULD BE DISMISSED IN ITS ENTIRETY.**

In the Complaint's Seventh Cause of Action, Plaintiffs allege that Joy failed to provide them with annual wage notices, in violation of NYLL § 195(1),[6] or to notify them of its policy on sick leave, vacation, personal leave, holidays and hours, in violation of NYLL § 195(5). To the extent that the Complaint alleges violations under these sections, the Court should dismiss this claim in its entirety because there is no private right of action for such violations. *See Yuquilema v. Manhattan's Hero Corp.*, No. 13-cv-461, 2014 WL 4207106, at *10-11 (S.D.N.Y. Aug. 26, 2014) ("the NYLL extends this private cause of action to employees whose employer fails to

---

[6] Notably, on December 29, 2014, New York State amended this statute so as to eliminate any requirement to provide a wage notice on an annual basis, effective February 27, 2015. NY LEGIS 537 (2014), 2014 Sess. Law News of N.Y. Ch. 537 (A. 8106-C).

provide the initial notice at their hire, ***but not for subsequent failures to furnish an annual notice in following years***.") (emphasis added), *report and recommendation adopted*, 2014 WL 5039428 (S.D.N.Y. Sept. 30, 2014); *see Guan Ming Lin v. Benihana New York Corp.*, No. 10-cv-1335, 2012 WL 7620734, at *8 (S.D.N.Y. Oct. 23, 2012), *report and recommendation adopted*, 2013 WL 829098 (S.D.N.Y. Feb. 27, 2013) ("only employees who did not receive a proper wage notice at the time of hiring can sue for a penalty pursuant to NYLL § 198(1-b)").

Moreover, to the extent that this claim can be construed to allege that Joy failed to provide wage notices to Plaintiffs at the time of hire, this claim would still fail. NYLL § 195 was implemented as part of the Wage Theft Prevention Act ("WTPA"), which had an effective date of April 9, 2011. *Yuquilema*, 2014 WL 4207106, at *10-11 *Guan Ming Lin*, 2012 WL 7620734, at *2, *8. While the WTPA created a private cause of action against employers who violate § 195(1)(a) by failing to provide an employee with a wage notice within ten business days of the start of employment (*see* NYLL § 198(1-b)), a claim for the failure to provide a wage notice at the date of hire fails when the plaintiff began working prior to the effective date of the WTPA—April 9, 2011. *Yuquilema*, 2014 WL 4207106, at *10-11; *Guan Ming Lin*, 2012 WL 7620734, at *8.

Here, the Complaint alleges that each of the plaintiffs began working for Joy prior to the effective date of the WTPA. (Compl. ¶ 43 (Issa Kone - "Beginning in or about 2009"); ¶ 47 (Adama Diamonde - "Beginning in or about 2010"); and ¶ 51 (Aly Camara - "Beginning in or about 2004").) Accordingly, Plaintiffs were not entitled to receive a wage notice at the time of hiring, and this claim fails as a matter of law and must be dismissed in its entirety.

9

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully requests that the Court partially dismiss the Complaint as set forth above, and grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
April 3, 2015

                Respectfully submitted,

                SEYFARTH SHAW LLP

                By: *s/ Peter A. Walker*
                    Peter A. Walker
                    pwalker@seyfarth.com
                    Dov Kesselman
                    dkesselman@seyfarth.com
                    Pinchos N. Goldberg
                    pgoldberg@seyfarth.com
                    620 Eighth Avenue
                    New York, New York  10018
                    Telephone:  (212) 218-5500
                    Facsimile:  (212) 218-5526

                *Attorneys for Defendants*