UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ISSA KONE, ADAMA DIOMANDE, and ALY
CAMARA, *on behalf of themselves individually,*     :   15-CV-01328 (LTS)
*and on behalf of Class Members*,

                        Plaintiffs,

       - against -

JOY CONSTRUCTION CORPORATION,
AMNON SHALHOV, NISAN LOBEL, and
JOHN DOES 1-10,

                        Defendants.
-----------------------------------------------------------------x

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANTS' MOTION TO PARTIALLY DISMISS THE COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Dated: New York, New York
       April 27, 2015

Of Counsel:

    Peter A. Walker
    Dov Kesselman
    Pinchos N. Goldberg

SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018
(212) 218-5500

*Attorneys For Defendants*

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

    I.      Plaintiffs Offer No Basis for Equitably Tolling the FLSA Statute of Limitations. ................................................................................................................ 2

    II.     Plaintiffs Offer No Basis for Evading the Valid Releases That They Admittedly Signed. ................................................................................................... 3

    III.    Plaintiffs Fail to Allege any Facts to Support Their Duplicative Claims Under NYLL §§ 191 and 193. .............................................................................. 7

    IV.    Neither NYLL §§ 195(1) or (5) Provide for a Private Right of Action Under the Circumstances at Bar. ........................................................................... 8

CONCLUSION ............................................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*805 Third Ave. Co. v. M.W. Realty Assocs.*,
   58 N.Y.2d 447, 461 N.Y.S.2d 778 (1983) ................................................................................5

*Asp v. Milardo Photography, Inc.*,
   573 F. Supp. 2d 677 (D. Conn. 2008) ......................................................................................2

*AXA Versicherung AG v. New Hampshire Ins. Co.*,
   391 F. App'x 25 (2d Cir. 2010) ................................................................................................4

*Aylaian v. Town of Huntington*,
   459 F. App'x 25 (2d Cir. 2012) ................................................................................................4

*Burke v. Lash Work Env'ts, Inc.*,
   408 F. App'x 438 (2d Cir. 2011) ..............................................................................................6

*Cheshire Place Assocs. v. West of England Ship Owners Mut. Ins. Ass'n (Luxembourg)*,
   815 F. Supp. 593 (E.D.N.Y. 1993) ..........................................................................................5

*DuFort v. Aetna Life Ins. Co.*,
   92 Civ. 1699, 1993 WL 258678 (S.D.N.Y. July 2, 1993) ........................................................7

*Generale Bank, N.Y. Branch v. Wassel*,
   779 F. Supp. 310 (S.D.N.Y. 1991) ..........................................................................................6

*Gortat v. Capala Bros.*,
   07-CV-3629, 2009 WL 3347091 (E.D.N.Y. Oct. 16, 2009).....................................................5

*Gregory v. Derry Twp. Sch. Dist.*,
   1:09-cv-00780, 2010 WL 146332 (M.D. Pa. Jan. 11, 2010),
   *aff'd*, 418 F. App'x 148 (3d Cir. 2011) .....................................................................................7

*Holcomb v. TWR Express, Inc.*,
   11 A.D.3d 513, 782 N.Y.S.2d 840 (2d Dep't 2004) .................................................................5

*Horvath v. Banco Comercial Portugues, S.A.*,
   10 Civ. 4697, 2011 WL 666410 (S.D.N.Y. Feb. 15, 2011),
   *aff'd,* 461 F. App'x 61 (2d Cir. 2012) .......................................................................................4

*Kletter v. Fleming*,
   32 A.D.3d 566, 820 N.Y.S.2d 348 (3d Dep't 2006) .................................................................8

*Lewis v. NYC Dep't of Educ.*,
   12 Civ. 675, 2013 WL 5405534 (S.D.N.Y. Sept. 25, 2013).....................................................6

*Mandavia v. Columbia Univ.*,
    912 F. Supp. 2d 119 (S.D.N.Y. 2012)..................................................................................6

*Marciano v. DCH Auto Grp.*,
    14 F. Supp. 3d 322 (S.D.N.Y. 2014)....................................................................................4

*Miller v. Int'l Tel. & Tel. Corp.*,
    755 F.2d 20 (2d Cir. 1985), *cert. denied*, 474 U.S. 851 (1985).........................................2

*Ming Lin v. Benihana New York Corp.*,
    No. 10-cv-1335, 2012 WL 7620734 (S.D.N.Y. Oct. 23, 2012), *report and recommendation adopted*, 2013 WL 829098 (S.D.N.Y. Feb. 27, 2013)..................................9

*Moras v. Marco Polo Network, Inc.*,
    No. 11-cv-2081, 2012 WL 6700231 (S.D.N.Y. Dec. 20, 2012)...........................................8

*Myers v. Hertz Corp.*,
    624 F.3d 537 (2d Cir. 2010).................................................................................................8

*Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*,
    No. 10-cv-2661, 2011 WL 321186 (S.D.N.Y. Jan. 28, 2011).............................................8

*Patraker v. Council on Env't of New York City*,
    02 Civ. 7382, 2003 WL 22703522 (S.D.N.Y. Nov. 17, 2003).............................................2

*Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec.*,
    685 F. Supp. 2d 456 (S.D.N.Y. 2010), *abrogated on other grounds by Chin v. Port Auth. of New York & New Jersey*, 685 F.3d 135 (2d Cir. 2012)..............................................3

*Pimpinello v. Swift & Co.*,
    253 N.Y. 159, 170 N.E. 530 (1930).....................................................................................4

*Shklovskiy v. Khan*,
    273 A.D.2d 371, 709 N.Y.S.2d 208 (2d Dep't 2000).......................................................4, 6

*Simel v. JP Morgan Chase*,
    No. 05 CV 9750, 2007 WL 809689 (S.D.N.Y. Mar. 19, 2007)...................................3, 6, 7

*Sofio v. Hughes*,
    162 A.D.2d 518, 556 N.Y.S.2d 717 (2d Dep't 1990)..........................................................5

*Sotheby's Inc. v. Dumba*,
    90 Civ. 6458, 1992 WL 27043 (S.D.N.Y. Jan. 31, 1992)....................................................5

*Weiss v. La Suisse*,
    154 F. Supp. 2d 734 (S.D.N.Y. 2001)..................................................................................4

*Yu G. Ke v. Saigon Grill, Inc.*,
 595 F. Supp. 2d 240 (S.D.N.Y. 2008) ................................................................................... 2

*Yuquilema v. Manhattan's Hero Corp.*,
 No. 13-cv-461, 2014 WL 4207106 (S.D.N.Y. Aug. 20, 2014), *report and
 recommendation adopted*, 2014 WL 5039428 (S.D.N.Y. Sept. 30, 2014) ................................ 8

**STATUTES**

Fair Labor Standards Act ........................................................................................................ 1, 2

N.Y. Lab. Law § 191 ............................................................................................................. 1, 7, 8

N.Y. Lab. Law § 193 ............................................................................................................. 1, 7, 8

N.Y. Lab. Law §§ 195(1), (5) ................................................................................................ 2, 8, 9

N.Y. Lab. Law § 198 ..................................................................................................................... 8

**OTHER AUTHORITIES**

29 C.F.R. § 516.4 .......................................................................................................................... 2

Fed. R. Civ. P. 12(b)(6) ................................................................................................................. 1

Defendants Joy Construction Corporation ("Joy"), Amnon Shalhov and Nisan Lobel (collectively, "Defendants"), by and through their attorneys, Seyfarth Shaw LLP, respectfully submit this reply memorandum of law in further support of their motion pursuant to Fed. R. Civ. P. 12(b)(6) to partially dismiss the Complaint (the "Complaint" or "Compl.") of Plaintiffs Issa Kone ("Kone"), Adama Diomande ("Diomande"), and Aly Camara ("Camara") (collectively, "Plaintiffs").

## **PRELIMINARY STATEMENT**

Plaintiffs' Opposition to Defendants' Motion to Partially Dismiss the Complaint only underscores the infirmity of much of Plaintiffs' case. Plaintiffs argue that the FLSA statute of limitations should be equitably tolled, but offer no valid basis for doing so and there is no allegation in the Complaint which supports such tolling. Moreover, Plaintiffs admit that they signed release agreements releasing any NYLL claims arising before June 2011. In an attempt to evade the signed releases for which they all received and kept significant compensation, Plaintiffs' claim that they did not read or understand what they were signing. However, it is black letter law that a party's failure to read or understand an agreement before signing it does not provide an excuse to later wriggle out of the agreement. Nor do Plaintiffs allege that they signed the releases under circumstances constituting duress or fraud.

Further, Plaintiffs tellingly are unable to cite to any authority for their novel (and incorrect) proposition that NYLL §§ 191 and 193 provide independent causes of action for "failure to pay wages owed," where the Complaint contains no allegations regarding the improper frequency of payments made by Joy or regarding any deductions from wages taken by Joy.

Finally, Plaintiffs offer no justification for ignoring the plain language of the NYLL or the multiple cases interpreting it, which clearly establish that there is no private cause of action for violations of NYLL §§ 195(1) or (5) under the circumstances at bar.

As such, Plaintiffs' Complaint should be partially dismissed as set forth herein and in Defendants' initial moving papers.

## ARGUMENT

### I. PLAINTIFFS OFFER NO BASIS FOR EQUITABLY TOLLING THE FLSA STATUTE OF LIMITATIONS.

Plaintiffs offer no justification whatsoever for equitably tolling the FLSA statute of limitations. Equitable tolling is an "exceedingly narrow" doctrine that applies only where a plaintiff has been "'prevented in some extraordinary way from exercising his rights, or h[as] asserted his rights in the wrong forum.'" *Patraker v. Council on Env't of New York City*, 02 Civ. 7382, 2003 WL 22703522, at *2 (S.D.N.Y. Nov. 17, 2003) (quoting *Miller v. Int'l Tel. & Tel. Corp.*, 755 F.2d 20, 24 (2d Cir. 1985), *cert. denied*, 474 U.S. 851 (1985)). The cases cited by Plaintiffs in which equitable tolling was applied are not on point, because the plaintiffs in those cases alleged that the employer had failed to post the FLSA notice required by 29 C.F.R. § 516.4. *See Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008) (noting that equitable tolling was appropriate because the defendants did not comply with the notice requirements of 29 C.F.R. § 516.4); *Asp v. Milardo Photography, Inc.*, 573 F. Supp. 2d 677, 698 (D. Conn. 2008) (same). Here, in contrast, Plaintiffs have not alleged in the Complaint or elsewhere that Joy failed to post the notices required by 29 C.F.R. § 516.4 or any affirmative deception by Defendants (and in fact Joy posts FLSA posters at all of its job sites). Accordingly, Plaintiffs have not offered any basis for equitably tolling the FLSA statute of limitations.

## II. PLAINTIFFS OFFER NO BASIS FOR EVADING THE VALID RELEASES THAT THEY ADMITTEDLY SIGNED.

As a preliminary matter, Plaintiffs' have not offered any evidence to challenge the validity of the releases that they signed. Instead, they merely submit a hearsay certification by counsel, which should not be considered by the Court except to the extent that Plaintiffs' counsel makes admissions on Plaintiffs' behalf with regard to signing the written releases. *See Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec.*, 685 F. Supp. 2d 456, 481 n.108 (S.D.N.Y. 2010), *abrogated on other grounds by Chin v. Port Auth. of New York & New Jersey*, 685 F.3d 135 (2d Cir. 2012) (considering only those portions of hearsay attorney declaration that were substantiated by documentary evidence).

In any event, none of the allegations in the hearsay attorney certification provide a basis for invalidating the releases. Indeed, Plaintiffs admit that they signed agreements releasing their NYLL claims and acknowledge that courts regularly enforce agreements releasing NYLL claims. They also do not deny that they received significant compensation for signing such releases -- to wit, Kone received $8,441.18 (ECF No. 16-1), Diomande received $823.53 (ECF No. 16-2) and Camara received $6,176.47 (ECF No. 16-4)[1]. In order to avoid the factual and legal issues here, Defendants claim that they had little, if any, formal education and a limited understanding of the English language and that they did not understand the import of the documents they were signing. However, these claims, even if credited as true for purposes of this motion, are irrelevant. "A release is a species of contract and is governed by principles of contract law." *Simel v. JP Morgan Chase*, No. 05 CV 9750, 2007 WL 809689, at *2 (S.D.N.Y. Mar. 19, 2007). It is hornbook law that failure to read or understand a contract is not a defense to enforcement of

---

[1] We also note that Diomande edited his release and then signed it, indicating his deliberateness in accepting this release. (ECF No. 16-2.)

3

the terms of the agreement. *See AXA Versicherung AG v. New Hampshire Ins. Co.*, 391 F. App'x 25, 30 (2d Cir. 2010) ("If the signer could read the instrument, not to have read it was gross negligence; if he could not read it, not to procure it to be read was equally negligent; in either case the writing binds him") (citing *Pimpinello v. Swift & Co*., 253 N.Y. 159, 162–63, 170 N.E. 530 (1930)). The facts in *Aylaian v. Town of Huntington*, 459 F. App'x 25 (2d Cir. 2012) are directly on point. The plaintiff in *Aylaian,* much like Plaintiffs here, argued that a release agreement he had signed with his employer was voidable because he had signed it without reading or understanding it. The Second Circuit rejected this argument and held that "[a] plaintiff who is nearly illiterate-as Aylaian represents himself to be-has a duty, knowing of his limitation, to have the document read to him so that he may understand its contents." *Id*. at 27. Nor is Plaintiffs' alleged lack of English proficiency an excuse for their admitted failure to make any attempt to understand the releases before signing them. *See Marciano v. DCH Auto Grp.*, 14 F. Supp. 3d 322, 334-35  (S.D.N.Y. 2014) ("Persons who are illiterate in the English language are not automatically excused from complying with the terms of a contract which they sign simply because they could not read it. Such persons must make a reasonable effort to have the contract read to them.") (citing *Shklovskiy v. Khan*, 273 A.D.2d 371, 372, 709 N.Y.S.2d 208, 210 (2d Dep't 2000)); *Horvath v. Banco Comercial Portugues, S.A.*, 10 Civ. 4697, 2011 WL 666410, at *4 (S.D.N.Y. Feb. 15, 2011), *aff'd,* 461 F. App'x 61 (2d Cir. 2012) ("Failure to read a contract, even if such failure is brought about by an inability to understand the language, is not an excuse or defense to enforcement of the contract terms."); *Weiss v. La Suisse*, 154 F. Supp. 2d 734, 737 (S.D.N.Y. 2001) ("While the Court was originally troubled by the fact that the paperwork to obtain the policies was printed in a language the plaintiffs do not speak, defendants remind me of the ancient contract maxim that even a blind man must protect himself by procuring someone to

read a contract for him"); *Cheshire Place Assocs. v. West of England Ship Owners Mut. Ins. Ass'n (Luxembourg)*, 815 F. Supp. 593, 597 (E.D.N.Y. 1993) ("Presumably Frank reads and understands English. Even if he does not, failure to read or investigate the terms of the contract one signs is not a defense to enforcement of the contract"); *Holcomb v. TWR Express, Inc.*, 11 A.D.3d 513, 514, 782 N.Y.S.2d 840 (2d Dep't 2004) ("A person who is illiterate in the English language is not automatically excused from complying with the terms of a contract simply because he or she could not read it."); *Sofio v. Hughes*, 162 A.D.2d 518, 520, 556 N.Y.S.2d 717, 719 (2d Dep't 1990) (rejecting plaintiff's attempt to avoid release he signed because he did not understand English because "[e]ven assuming Mr. Sofio was unable to understand the release, he should not have signed it before having it explained to him.").[2]

Moreover, notably absent from Plaintiff's Opposition is any allegation that they signed the releases under circumstances constituting duress or fraud.  In order for Plaintiffs to establish that they signed a release under duress, they would have to establish that the release "was procured by means of a wrongful threat which eliminated that party's free choice by foreclosing all practical alternatives."  *Sotheby's Inc. v. Dumba*, 90 Civ. 6458, 1992 WL 27043, at *4 (S.D.N.Y. Jan. 31, 1992).  *See 805 Third Ave. Co. v. M.W. Realty Assocs.*, 58 N.Y.2d 447, 451, 461 N.Y.S.2d 778, 780 (1983) (duress requires showing that party "was compelled to agree to contract terms because of a wrongful threat by the other party which precluded the exercise of its

---

[2] The facts in *Gortat v. Capala Bros.*, 07-CV-3629, 2009 WL 3347091, at *4 (E.D.N.Y. Oct. 16, 2009), relied on by Plaintiffs, are clearly distinguishable from the facts here.  In *Gortat*, the plaintiffs had signed short two-sentence "affidavits" which the Court  found  did "not resemble the releases contemplated by existing case law." *Id.* at *3.  The court, in holding that the plaintiffs had not released their claims, noted that the affidavits were "not styled as releases and they do not contain language explicitly releasing claims." *Id.* at *4.  Here, in stark contrast, the release signed by Plaintiffs was styled as a "Back Wage Receipt, Agreement and General Release,"  and  contained clear and unambiguous language explicitly releasing Plaintiffs' NYLL claims.

5

free will"). *See also Mandavia v. Columbia Univ.*, 912 F. Supp. 2d 119, 128 (S.D.N.Y. 2012) (a "generally hostile attitude in negotiations simply do[es] not constitute [a] wrongful threat[ ] to override a person's free will."); *Generale Bank, N.Y. Branch v. Wassel*, 779 F. Supp. 310, 319 (S.D.N.Y. 1991) ("[G]iving an offeree a short time-span within which to make a decision does not constitute duress or justify rescission of a contract."). "To avoid a release on the ground of fraud, a party must allege every material element of that cause of action with specific and detailed evidence in the record sufficient to establish a prima facie case." *Shklovskiy*, 273 A.D.2d at 372, 709 N.Y.S.2d at 209. Plaintiffs make no allegations of duress or fraud here, but merely claim that they signed the documents because "they felt they were required to do so" (Pl. Br. at 2). This is insufficient to invalidate the releases which Plaintiffs admittedly signed. *See Lewis v. NYC Dep't of Educ.*, 12 Civ. 675, 2013 WL 5405534, at *4 (S.D.N.Y. Sept. 25, 2013) ("a general assertion that a party felt pressured to sign a release is insufficient to establish duress"). Accordingly, the releases are valid and Plaintiffs' NYLL claims arising prior to June 2011 have been irrevocably waived and should be dismissed.

Finally, Plaintiffs' contention that the releases that they admittedly signed cannot be considered on this 12(b)(6) motion to dismiss is simply wrong. In *Burke v. Lash Work Env'ts, Inc.*, 408 F. App'x 438 (2d Cir. 2011), the Second Circuit explicitly said that a defense based on release can be considered on a 12(b)(6) motion. *Id.* at 441. The fact that *Burke* involved a 12(b)(1) motion is beside the point, as the principle elucidated by the Second Circuit is unambiguous with respect to 12(b)(6) motions, such as the instant motion. *Lewis* and *Simel* are similarly on point, as in both cases the Court considered a release on a 12(b)(6) motion even through the plaintiff, much like Plaintiffs here, disputed the validity of the release in question. *See Lewis*, 2013 WL 5405534, at *4 (plaintiff arguing that release was invalid because it was

signed under duress); *Simel*, 2007 WL 809689, at *3 (plaintiff arguing that release was invalid because it did not indicate whether he was represented by counsel or received consideration for the release).[3]

### III. PLAINTIFFS FAIL TO ALLEGE ANY FACTS TO SUPPORT THEIR DUPLICATIVE CLAIMS UNDER NYLL §§ 191 AND 193.

Plaintiffs' claims under NYLL §§ 191 and 193 are entirely duplicative of their NYLL minimum wage and overtime claims and do not rely on any unique facts. NYLL § 191, by its terms, only deals with the timeliness, and not the amount, of wage payments. Because Plaintiffs' own allegations make clear that Joy complied with NYLL § 191's timing requirements (*see* Compl. ¶¶ 45, 49 and 53 (alleging that each of the Plaintiffs was paid on a weekly basis)), this claim necessarily fails. Similarly, NYLL § 193, by its terms, only deals with deductions from wages, and has nothing to do with general allegations of failure to pay wages owed. Because Plaintiffs make no allegations regarding any deductions from wages taken by Joy, this claim also necessarily fails.

Tellingly, Plaintiffs are unable to cite to a single case in which a Court has permitted claims under NYLL §§ 191 or 193 to proceed under the circumstances at bar. Plaintiffs'

---

[3] If the Court is not inclined to consider Plaintiffs' signed releases on a motion to dismiss and instead converts Defendants' motion to a motion for summary judgment, the motion should still be granted because, contrary to Plaintiffs' contention, there are no disputed issues of material fact here. Plaintiffs admit that they signed the releases and do not claim that they signed them under circumstances constituting duress or fraud. Plaintiffs also received consideration for the releases. Plaintiffs' claims that they did not read or understand the agreements and only signed them because they "felt they were required to do so," do not raise any *material* facts, because even if these facts were true, the releases would still be valid as a matter of law, as set forth in detail above. Moreover, Plaintiffs' concern about having an opportunity to present any pertinent material can easily be addressed by the Court holding an evidentiary hearing on the limited issue of the validity of the releases, which courts routinely do on summary judgment motions. *See, e.g.*, *DuFort v. Aetna Life Ins. Co.*, 92 Civ. 1699, 1993 WL 258678, at *1 (S.D.N.Y. July 2, 1993) (granting summary judgment motion on validity of release after evidentiary hearing); *Gregory v. Derry Twp. Sch. Dist.*, 1:09-cv-00780, 2010 WL 146332, at *1 (M.D. Pa. Jan. 11, 2010), *aff'd*, 418 F. App'x 148 (3d Cir. 2011) (same).

attempts to "distinguish" the multiple cases cited by Defendants rejecting such duplicative claims are nonsensical, as they merely cite to non-sequitur quotations from those cases, but do not even attempt to address the underlying statements in those cases regarding the applicability of NYLL §§ 191 and 193.  In *Myers v. Hertz Corp.*, 624 F.3d 537, 545 (2d Cir. 2010), the Second Circuit unambiguously held that "Labor Law § 191 by its terms only involves the timeliness of wage payments, and does not appear to afford to plaintiffs any substantive entitlement to a *particular* wage") (emphasis in original).  The fact that the case may have come to the Court "in an unusual position" is wholly irrelevant to the Court's clear understanding of the plain meaning of § 191.  Similarly, Plaintiffs' attempts to distinguish *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, No. 10-cv-2661, 2011 WL 321186, at *3 (S.D.N.Y. Jan. 28, 2011), *Moras v. Marco Polo Network, Inc.*, No. 11-cv-2081, 2012 WL 6700231, at *11 (S.D.N.Y. Dec. 20, 2012) and *Kletter v. Fleming*, 32 A.D.3d 566, 567, 820 N.Y.S.2d 348, 350 (3d Dep't 2006) are incomprehensible.  As the Complaint here contains no allegations regarding the improper frequency of payments made by Joy or regarding any deductions from wages taken by Joy, the Complaint fails to allege a violation of  NYLL §§ 191 or 193.

**IV.    NEITHER NYLL §§ 195(1) OR (5) PROVIDE FOR A PRIVATE RIGHT OF ACTION UNDER THE CIRCUMSTANCES AT BAR.**

As is clear from the plain language of the statute, and as confirmed by the case law, the New York Labor Law does not provide any private right of action for violations of NYLL § 195(1) where the employee was already employed when the statute went into effect on April 9, 2011, as is the case here for each of the Plaintiffs.  Nor does the statute provide any private right of action for violations of NYLL § 195(5) under any circumstances.  *See* NYLL § 198; *Yuquilema v. Manhattan's Hero Corp.*, No. 13-cv-461, 2014 WL 4207106, at *10-11 (S.D.N.Y. Aug. 20, 2014), *report and recommendation adopted*, 2014 WL 5039428 (S.D.N.Y. Sept. 30,

8

2014); *Guan Ming Lin v. Benihana New York Corp.*, No. 10-cv-1335, 2012 WL 7620734, at *8 (S.D.N.Y. Oct. 23, 2012), *report and recommendation adopted*, 2013 WL 829098 (S.D.N.Y. Feb. 27, 2013).  Apparently recognizing that no authority exists for their position, Plaintiffs instead meekly argue that the recent cases from this District cited by Defendants are not "binding authority," because they are U.S. Magistrate Judge opinions.  Plaintiffs' argument is curious, as even they acknowledge that both U.S. Magistrate Judge reports and recommendations were adopted by the District Court.  In any event, these decisions at the very least constitute persuasive authority, especially here, where the statute clearly does not provide for a private cause of action for violations of NYLL §§ 195(1) or (5) under the circumstances at bar, and where Plaintiffs are utterly unable to offer any countervailing authority.

**CONCLUSION**

For the foregoing reasons and those set forth in Defendants' initial moving papers, Defendants respectfully request that the Court partially dismiss the Complaint, and grant such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         April 27, 2015

Respectfully submitted,

SEYFARTH SHAW LLP

By: *s/ Peter A. Walker*
    Peter A. Walker
    pwalker@seyfarth.com
    Dov Kesselman
    dkesselman@seyfarth.com
    Pinchos N. Goldberg
    pgoldberg@seyfarth.com
    620 Eighth Avenue
    New York, New York  10018
    Telephone:  (212) 218-5500
    Facsimile:  (212) 218-5526

*Attorneys for Defendants*