UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
ISSA KONE, ADAMA DIOMANDE, and ALY
CAMARA, *on behalf of themselves individually,*
*and on behalf of Class Members,*

                  Plaintiffs,

                                            No. 15CV1328-LTS

        -v-

JOY CONSTRUCTION CORPORATION,
AMNON SHALHOV, NISAN LOBEL, and
John Does 1-10,

                  Defendants.
--------------------------------------------------------x

<u>MEMORANDUM OPINION AND ORDER</u>

        Plaintiffs Issa Kone, Adama Diomande and Aly Camara ("Plaintiffs") bring this

suit, individually and as a putative class and collective action, against their former employer, Joy

Construction Corporation, as well as its managing members, Amnon Shalhov, Nisan Lobel and

John Does 1-10 (collectively, "Defendants"), alleging violations of the Fair Labor Standards Act

("FLSA") and the New York Labor Law ("NYLL").  Defendants have moved to dismiss, in part,

Plaintiffs' FLSA claims (Causes of Action One and Two) and NYLL claims (Causes of Action

Three, Four and Six), and to dismiss entirely Plaintiff's remaining NYLL claims (Causes of

Action Five and Seven).  The Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331

and 1367.  The Court has carefully considered all of the parties' submissions.  For the reasons

below, the Court denies Defendants' motion to partially dismiss Plaintiffs' First, Second, Third,

Fourth and Sixth Causes of Action, grants Defendant's motion to dismiss Plaintiffs' Fifth Cause

of Action, and grants in part and denies in part Defendants' motion to dismiss Plaintiffs' Seventh

Cause of Action.

B<small>ACKGROUND</small>[1]

Plaintiffs Kone, Diomande and Camara were employed by Defendants as security guards to monitor vacant construction sites between 2004 and 2014.[2]  (Compl. ¶¶ 43, 47, 51.) Plaintiffs assert that, "[d]uring all times relevant to this litigation, Defendants have engaged in a policy and practice of failing to pay their employees minimum wages . . .[,] of requiring their employees to regularly work in excess of forty hours per week, without providing overtime compensation . . . [, and] of requiring their employees to regularly work in excess of ten hours per day without paying them Spread of Hours Compensation."  (Id. ¶¶ 27-29.)  These policies and practices, Plaintiffs allege, were instituted under the control and authority of the individual Defendants.  (Id. ¶ 30.)   Plaintiffs further claim that they did not receive statutorily required wage and hour notices containing their rate of pay, and allege that this was done to keep Plaintiffs in the dark about violations of the applicable wage and hour laws.  (Id. ¶ 33.)  In addition, Plaintiffs assert that Defendants "willfully disregarded and purposefully evaded the recordkeeping requirements" of both state and federal law "by failing to maintain accurate and complete timesheets and payroll records."  (Id. ¶ 34.)

Kone and Diomande allege that they worked in excess of 123 hours per week as security guards and received $500 per week "regardless of the hours" worked.  (Id. ¶¶ 44-45, 48-49.)  Camara was also allegedly employed by Defendants as a "laborer" in addition to his work a

---

[1]	The facts set forth below are drawn from the Complaint ("Compl.") in this action (Docket Entry No. 1) and are taken to be true for the purposes of the instant motion practice.

[2]	Plaintiffs allege that Kone was employed by Defendants from "about 2009" until September 12, 2014, Diamonde was employed from "about 2010" until "about February 2012," and Camara was employed from "about 2004" until "about June 2014."  (Id. ¶¶ 43, 47, 51.)

security guard, and was "essentially working every hour of every week, taking only short lunch breaks and very short cat-naps while sitting up in his guard booth at night."  (Compl. ¶¶ 51-52.) Plaintiffs allege that Camara worked in excess of 150 hours per week and received $500 per week for his work as a security guard and $15 per hour as a construction laborer "regardless of the hours he had to work."  (Id. ¶¶ 51-53.)  All Plaintiffs allege that they "never received premium overtime pay . . . although [they were] expected to work long hours six or seven days per week."  (Id. ¶¶ 46, 50, 54.)  Furthermore, Plaintiffs claim that they did not receive spread of hours compensation for each day worked "over [ten] hours per day."  (Id.)  Plaintiffs assert that their claims are representative of Defendants' treatment of the entire putative class of workers. (See id. ¶¶ 35-42.)

<u>DISCUSSION</u>

When deciding a motion to dismiss a complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure Rule 12(b)(6), the court accepts as true all factual allegations contained within the complaint and draws all reasonable inferences in favor of the Plaintiff.  See Roth v. Jennings, 489 F.3d 499, 501 (2d Cir. 2007).  In order to survive a motion to dismiss, the complaint must allege sufficient "facts to state a claim to relief that is plausible on its face." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007).  Courts will not "accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In ruling on a motion under Rule 12(b)(6), the court may properly consider "the facts as asserted within the four corners of the complaint, the documents attached to the

complaint as exhibits, and any documents incorporated in the complaint by reference," <u>see</u>

<u>McCarthy v. Dun & Bradstreet Corp.</u>, 482 F.3d 184, 191 (2d Cir. 2007), as well as "documents

upon which the complaint relies and which are integral to the complaint."  <u>See</u> <u>Subaru Distribs.</u>

<u>Corp. v. Subaru of Am., Inc.</u>, 425 F.3d 119, 122 (2d Cir. 2005).  The complaint "must make a

clear, definite and substantial reference to the documents" for any such documents to be deemed

incorporated by reference.  <u>Helprin v. Harcourt, Inc.</u>, 277 F. Supp. 2d 327, 330-31 (S.D.N.Y.

2003).


<u>Plaintiffs' First and Second Causes of Action</u>

   Defendants move to dismiss Plaintiffs' First and Second Causes of Action,

alleging  FLSA minimum wage and overtime violations, with respect to all claims arising before

February 24, 2012, as time-barred by the FLSA's three-year statute of limitations.  (<u>See</u> Docket

Entry No. 17, Memorandum of Law in Support of the Motion to Partially Dismiss the Complaint

Pursuant to Fed. R. Civ. P. 12(b)(6) ("Def. Memo") at p. 4.)[3]  The running of the statute of

limitations is an affirmative defense which need not be anticipated in a complaint.  <u>See</u> <u>Harris v.</u>

<u>City of New York</u>, 186 F.3d 243, 251 (2d Cir. 1999).  Accordingly, dismissal on statute of

limitations grounds is proper only where a complaint plainly appears time-barred on its face.

<u>See</u> <u>id.</u> (finding that survival of a motion to dismiss pursuant to Rule 12(b)(6) on statute of

---

[3]  This action was commenced with the filing of a Complaint on February 24, 2015.
(<u>See</u> Docket Entry No. 1.)  Thus, any claims accruing prior to February 24, 2012,
would be time-barred by the FLSA's three year statute of limitations.  The three-
year statute of limitations, rather than the generally applicably two-year
limitations period, is applied to claims of "willful" FLSA violations.  (<u>See</u>
<u>Campos v. Lemay</u>, 05CV2089-LTS, 2007 WL 1344344, at *4 (S.D.N.Y. May 7,
2007; <u>see</u> <u>also</u> 29 U.S.C. § 225(a)).  In focusing on the maximum three-year
period, Defendants have not waived their position that there were no violations,
willful or otherwise.

limitations grounds requires only that the complaint contain "allegations consistent with a claim that would not be time-barred.")

      In opposing this aspect of the motion, Plaintiffs argue that, to the extent that any of their claims are untimely, they are entitled to equitable tolling of the limitations period.  (See Docket Entry No. 19, Memorandum of Law in Opposition to Defendants' Motion to Partially Dismiss the Complaint ("Pl. Opp. Memo") at p. 4.)  The doctrine of equitable tolling is "read into every federal statute of limitation."  See Holmberg v. Armbrecht, 327 U.S. 392, 397 (1946). "Equitable tolling may be used to suspend the statute of limitations 'against a plaintiff who is unaware of his cause of action,'" Yu G. Ke v. Saigon Grill, Inc., 595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008) (quoting Cerbone v. Int'l Ladies' Garment Workers Union, 768 F.2d 45, 48 (2d Cir. 1985)).  Courts have held that the equitable tolling doctrine is employed only where a plaintiff has been "prevented in some extraordinary way from exercising his rights," Miller v. Int'l Tel. & Tel. Corp., 755 F.2d 20, 24 (2d Cir. 1985).  In the context of the FLSA, courts have found that such extraordinary circumstances may exist where an employer has failed to post notice of employees' rights under the statute,[4] thereby contributing to the employee's ignorance of his cause of action.  See United States v. Sabhnani, 566 F. Supp. 2d 139, 145-46 (E.D.N.Y. 2008) (applying equitable tolling to save an untimely complaint where the employees did not speak English and the employer failed to provide notice of rights, rendering employees "completely unaware of the FLSA or any of its minimum wage or overtime provisions")

---

[4]    See 29 C.F.R. § 516.4 (2015) ("Every employer . . . shall post and keep posted a notice explaining the Act . . . in conspicuous places in every establishment where such employees are employed so as to permit them to observe readily a copy.").

(vacated on other grounds); see also Ramirez v. Rifkin, 568 F. Supp. 2d 262, 269 (2d Cir. 2008).[5]

        In support of their argument for equitable tolling, Plaintiffs contend that they "lack legal sophistication," and that Defendants "intentionally failed to comply with [their] obligations to provide plaintiffs with notice as to their legal rights."  (Id.)  Because the issue of equitable tolling cannot, under these circumstances, be resolved on the basis of Plaintiffs' pleadings alone, Defendants' motion will be denied insofar as it seeks partial dismissal based on the statute of limitations.

Plaintiffs' Third, Fourth and Sixth Causes of Action

        Defendants move to partially dismiss Plaintiffs' Third, Fourth and Sixth Causes of Action, which allege NYLL minimum wage, overtime and spread of hours violations, asserting that Plaintiffs "entered into valid agreements . . . releasing . . . any and all wage and hour claims . . . under the NYLL" arising before June 3, 2011.  (Def. Memo at p. 4.)  In support of their argument, Defendants proffer signed releases, dated June 3, 2011.  (See Def. Memo at pp. 4-5; see also Decl. of Meredith Brake, Ex. A., Docket Entry No. 16.)  The releases purport to "release the Company . . . from any and all causes of action or claims that Employee has had, now has or may have up to the date of this Agreement . . . including without limitation . . . all

---

      [5]      Courts are divided as to whether a plaintiff must allege further relevant conduct, beyond failure to post notice, in order for a court to equitably toll the limitations period.  See Ramirez, 568 F. Supp. at 269 (equitably tolling the limitations period where the plaintiff alleged employer's failure to post notice and further acts of affirmative concealment, but noting that "whether the failure to disclose or post a notice in and of itself is sufficient to warrant equitable tolling has not been addressed by the Second Circuit . . . [and] other circuit courts, as well as district courts in this Circuit, disagree on this issue.").

state wage and hour claims."  (See Decl. Of Meredith Brake, Ex. A.)  Plaintiffs do not mention

the releases in their Complaint and the releases are not otherwise referenced by, or incorporated

into, the Complaint.

Although Defendants contend that "the issue of whether any of Plaintiffs' claims

are barred by a valid release is properly before the Court on a Rule 12(b)(6) motion," they argue

that, should the Court not be inclined to decide this issue on a 12(b)(6) motion, this portion of

their motion should be converted to one for summary judgment pursuant to Federal Rule of Civil

Procedure 12(d).  (See Def. Memo at pp. 6-7.)

As previously noted, when deciding a motion to dismiss pursuant to Fed. R. Civ.

P. 12(b)(6), the Court may only consider the complaint and documents incorporated by reference

or otherwise integral to the allegations of the complaint.  See Chambers v. Time Warner, 282

F.3d 147, 153-54 (2d Cir. 2002).  When a court is presented with materials not properly

considered at the motion to dismiss stage, it can either exclude the extrinsic evidence or convert

the relevant part of the motion into one for summary judgment.  Id. at 154.  "Federal courts have

'complete discretion to determine whether or not to accept the submission of any material

beyond the pleadings'" and, thus, possess "complete discretion in determining whether to

convert the motion to one for summary judgment."  Stephens v. Bayview Nursing and

Rehabilitation Center, No. 07CV0596-JFB, 2008 WL 728896, at *2 (E.D.N.Y. Mar. 17, 2008).

"This discretion generally will be exercised on the basis of the district court's determination of

whether or not the proffered material, and the resulting conversion from Rule 12(b)(6) to the

Rule 56 procedure, is likely to facilitate the disposition of the action."  Stephens, 2008 WL

728896, at *2  (quoting Carione v. United States, 368 F. Supp. 2d 186, 191 (E.D.N.Y. 2005)).  In

conducting this inquiry, the district court "looks to the substance of the motion," considering, for

example, whether all relevant facts have been produced.  Ansonia Tenants' Coalition, Inc. v.
Ansonia Assocs., 163 F.R.D. 468, 470 (S.D.N.Y. 1995); see also Wajilam Exports (Singapore)
Pte. Ltd. v. ATL ShippingLtd., 475 F. Supp. 2d 275, 277-78 (S.D.N.Y. 2006) (declining to
convert a motion to dismiss to one for summary judgment where discovery had not begun,
noting that "there would be little point in considering a summary judgment motion when
significant relevant facts may yet be discovered.").

       Defendants ask the Court to decide this aspect of their motion based on the
releases that they have proffered.  These releases, however, were neither mentioned in the
Complaint nor relied upon by Plaintiffs in making the allegations in the Complaint.
Accordingly, the Court cannot properly consider these releases for the purposes of the instant
motion practice unless it exercises its discretion to convert this portion of the motion into one for
summary judgment.  Plaintiffs oppose conversion of the motion and proffer that Plaintiffs would
testify that their English language skills were limited at the time the releases were executed and
that they signed the documents, without understanding their significance and without the aid of
counsel or a translator, because they felt their employer required them to do so.  The Court
declines to convert the motion to one for summary judgment, as Plaintiffs' proffers suggest that,
at least at this early stage of the litigation, material issues of fact would preclude a determination
that the releases are valid as a matter of law.  Defendants' motion to dismiss Plaintiffs' Third,
Fourth and Sixth Causes of Action, which rests entirely on the releases, is therefore denied
without prejudice to renewal of the issue at a later stage of this litigation.

Plaintiff's Fifth Cause of Action

Defendants move to dismiss Plaintiffs' Fifth Cause of Action, which charges a violation of New York Labor Law §§ 191 and 193 based on Defendants' failure to pay "proper wages and overtime payments." Defendants assert that Plaintiffs have not adequately pleaded a violation of these statutory provisions. (Compl. ¶¶ 92-94; Def. Memo at p. 7.) Defendants contend that these claims are "entirely duplicative of [Plaintiffs'] NYLL minimum wage and overtime claims and do not rely on unique facts," and that the Complaint "makes clear that Joy complied with NYLL § 191's timing requirements." (Docket Entry No. 21, Defendants' Reply Memorandum of Law in Further Support of Defendants' Motion to Partially Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), ("Def. Reply Memo"), at p. 7; Def. Memo at p. 7.) With respect to Plaintiffs' NYLL Section 193 claims, Defendants assert that the Complaint is defective because it "contains no allegations regarding any deductions from wages taken by Joy." (Def. Memo at p. 8.)

*NYLL § 191*

Section 191 of the NYLL, entitled "Frequency of Payments," requires that employers pay workers "not less frequently than semi-monthly." N.Y. Lab. Law § 191(1)(a) (McKinney 2015). Courts have held that this section is "an inappropriate vehicle for . . . recovery" where "the gravamen of plaintiffs' complaint is that the sums paid were not equal to what plaintiffs claim they were entitled to receive," and the plaintiff has not otherwise pleaded that payments were untimely. Jara v. Strong Steel Door, Inc., 20 Misc. 3d 1135(A), No. 14643/05, 2008 WL 3823769, at *12 (N.Y. Sup. Ct. Aug. 15, 2008); see also Myers v. Hertz Corp., 624 F.3d 537, 547 n.1 (2d Cir. 2010) (noting that "New York Courts have suggested that plaintiffs may not use Labor Law § 191 to seek unpaid wages to which they seek to be entitled

. . . rather [,] § 191 guarantees only that the wages . . . be paid in a 'timely' manner.").

Here, Plaintiffs have not identified any purported violation of this section beyond Defendants' alleged failure to "pay proper wages and overtime payments," namely the wages and overtime to which Plaintiffs contend they were entitled by statute rather than the amounts that the employer had in fact agreed to pay. (<u>See</u> Compl. ¶ 17.) Persuasive authority satisfies the Court that Section 191 provides no independent recourse for such an alleged failure to pay statutorily-required additional amounts. Moreover, Plaintiffs' allegations regarding payments received suggest that the weekly payments that were made were, in fact, timely. (<u>See</u> Compl. ¶¶ 45, 49 and 53.) Accordingly, the Court finds that Plaintiffs have not stated a claim for violation of NYLL Section 191.

*NYLL § 193*

Section 193 of the NYLL provides that "[n]o employer shall make any deduction from the wages of an employee, except deductions which[] are made in accordance with the provisions of any law . . . or . . . are for the benefit of the employee." N.Y. Lab. Law § 193 (1)(a),(b) (McKinney 2015). The statute lists a number of types of authorized deductions from computed gross wages. (<u>Id.</u>) Courts have held that "Section 193 has nothing to do with failure to pay wages . . . [,] governing instead the specific subject of making deductions from wages." <u>Monagle v. Scholastic, Inc.</u>, No. 06CV14342-GEL, 2007 WL 766282, at *2 (S.D.N.Y. Mar. 2, 2009). Furthermore, to state a claim under Section 193, a plaintiff must allege a specific deduction that constitutes the alleged violation. <u>See</u> <u>Kletter v. Fleming</u>, 820 N.Y.S.2d 348, 350 (3d Dep't 2006) (affirming dismissal of defendant's counterclaim where defendant failed to "allege any specific deduction in violation of section 193.").

Here Plaintiffs simply allege that "Defendants made unlawful deductions in wages owed to Plaintiffs" in violation of Section 193, explaining that Defendants did so "by withholding wages and overtime payments for time worked over 40 hours in any given work week from Plaintiffs." (Compl. ¶ 94.)  This claim identifies no specific deductions, and is entirely duplicative of Plaintiffs' state law minimum wage, overtime and spread of hours claims. Plaintiffs have thus failed to state a claim for a violation of NYLL Section 193.

Because the Court finds that Plaintiffs have not presented viable claims within the scope of NYLL Sections 191 and 193, the Court grants Defendants' motion for dismissal of Plaintiff's Fifth Cause of Action in its entirety.

Plaintiff's Seventh Cause of Action

Plaintiffs' Seventh Cause of Action alleges that Defendants violated NYLL Section 195 by "fail[ing] to supply Plaintiffs . . . with notice" as required by Section 195. (Compl. ¶¶ 104-05.)  Defendants contend that there is no private right of action for a violation of subdivisions (1) and (5) of that statute.  (See Def. Memo at pp. 8-9.)  In the alternative, Defendants argue that Plaintiffs' claim is deficient because "each of the plaintiffs began working for Joy prior to the effective date of [Section 195]."  (Id. at p. 9.)

New York Labor Law section 195(1) requires employers to provide employees with wage notices "within ten business days of the start of employment."  Yuquilema v. Manhattan's Hero Corp., No. 13CV461-WHP-JLC, 2014 WL 4207106, at *11 (S.D.N.Y. Aug. 20, 2014) (Report and Recommendation adopted by No. 13CV461-WHP-JLC, 2014 WL 5039428 (S.D.N.Y. Sept. 30, 2014).  New York Labor Law Section 195(3) requires that employers provide a "statement with every payment of wages, listing information about the rate

and basis of pay, any allowances and deductions, and the employer's identity and contact details."  Canelas v. A'Mangiare, Inc., No. 13CV3630-VB, 2015 WL 2330476, at *5 (S.D.N.Y. May 14, 2015) (quoting Yuquilema, 2014 WL 4207106 and citing N.Y. Lab. Law § 195(3) (McKinney 2015)).  Section 195(5) requires employers to notify employees in writing, or by clearly posting, its policy regarding "sick leave, vacation, personal leave, holidays and hours." N.Y. Lab. Law § 195(5) (McKinney 2015).  A private right of action to recover penalties for violations of Sections 195(1) and 195(3) is provided by Sections 198(1-b) and 198(1-d) of the Labor Law, respectively.  See id. §198(1-b), (1-d).  No such provision is made in connection with Section 195(5), and the statute provides no other indication of the creation of a private right of action with respect to notices concerning sick, vacation, holiday and leave policies, and hours.

Plaintiffs claim that the Complaint alleges a violation of "the entirety of NYLL § 195, not merely the subsections addressed in Defendants' motion to dismiss" and, in particular, direct the Court to Section 195(3).  (See Pl. Memo at p. 11.)  The Court finds that Plaintiffs have failed to sufficiently state a claim under Section 195(1).  In their Complaint, Plaintiffs have alleged that "Defendants have willfully failed to supply Plaintiffs . . . with notice . . . containing Plaintiffs' . . . rates of pay and basis thereof . . . hourly rates of pay and overtime rate or rates of pay . . . the regular pay day designated by the employer . . . the name of the employer . . . the physical address of the employer's main office [and] . . . the telephone number of the employer." (Compl. ¶ 104.)  The Complaint provides no further support for their Section 195(1) claim and, furthermore, makes no allegation that this failure occurred at the time of hiring, which is required to establish a violation of NYLL §195(1)(a).  Furthermore, "an employee who began working before the [2011 amendment to New York's Wage Theft Prevention Act] took effect on April 9, 2011, may not bring a claim for an employer's failure to provide wage notices."  See

<u>Canelas</u>, 2015 WL 2330476, at *5; <u>see also</u> <u>Guan Ming Lin v. Benihana N.Y. Corp.</u>, No. 10CV1335-RA-JCF, 2012 WL 7620734 (Report and Recommendation adopted by 2013 WL 829098) (S.D.N.Y. Feb. 27, 2013) (holding that "only employees who did not receive a proper wage and hour notice at the time of hiring can sue for a penalty pursuant to § 198(1-b)" and that because "[e]very single one of the class representatives began working before April 9, 2011 . . . none of them was entitled to receive a wage and hour notice at the time of hiring.").  Here, each of the Plaintiffs has alleged that his employment began prior to April 9, 2011.  (<u>See</u> Compl. ¶¶ 43, 47, 51.)  Thus, Plaintiffs have failed to plead a violation of Section 195(1).  Moreover, because no private right of action exists for a violation of NYLL Section 195(5), Defendants' motion to dismiss is granted insofar as it seeks dismissal of any claims made pursuant to that subsection.

Construing the complaint liberally, The Court finds that Plaintiffs have sufficiently pleaded a claim under the more general language of Section 195(3) which, unlike Section 195(1), does not specifically require that a violation occur within ten days of an employee's hire date.  <u>See</u> N.Y. Lab. Law § 195(3) (McKinney 2015.)  Plaintiffs' claim, which tracks the language of Section 195(3) closely, sets forth with sufficient specificity the types of information allegedly withheld.  Therefore, the Court finds that recitation of the statutory language is sufficient to state a claim.  However, "as with the WTPA's wage notice provision, an employee may not recover for wage statement violations that occurred before April 9, 2011." <u>Canelas</u>, 2015 WL 2330476, at *5.  Thus, only claims arising from violations occurring after April 9, 2011, can survive Defendants' motion to dismiss.

Accordingly, Plaintiff's Seventh Cause of Action is dismissed except to the extent that it charges violations of NYLL Section 195(3) occurring after April 9, 2011.

CONCLUSION

For the foregoing reasons, Defendants' motion is granted insofar as it seeks

dismissal of Plaintiffs' Fifth Cause of Action and is also granted with respect to Plaintiffs'

Seventh Cause of action, except insofar as the Seventh Cause of Action charges Defendants with

violations of New York Labor Law Section 195(3) occurring after April 9, 2011.  Defendant's

motion is denied in all other respects.

This Memorandum Order and Opinion resolves Docket Entry Number 14.

The final pretrial conference in this case is currently scheduled for **Friday, June**

**10, 2016, at 10:00 a.m.**  The case remains referred to Magistrate Judge Debra C. Freeman for

general pretrial management.

SO ORDERED.


Dated: New York, New York
        March 3, 2016


                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        United States District Judge