UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

ISSA KONE, ADAMA DIOMANDE, ALY          :
CAMARA, *on behalf of themselves*        :    No. 15-cv-01328
*individually, and on behalf of Class Members,*   :
                                         :    **DEFENDANTS' ANSWER AND**
                Plaintiffs,              :    **AFFIRMATIVE DEFENSES**
                                         :
        -against-                        :
                                         :
JOY CONSTRUCTION CORPORATION,            :
AMNON SHALHOV, NISAN LOBEL, and          :
JOHN DOES 1-10,                          :
                                         :
                Defendants.              :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

        Defendant Joy Construction Corporation, Amnon Shalhov, and Nisan Lobel (collectively,

"Defendants"), by and through their attorneys, Seyfarth Shaw LLP, hereby answer the

Complaint, filed on February 24, 2015, as follows:

### INTRODUCTION

        1.      Defendants deny the allegations in Paragraph 1 of the Complaint, except admit

Plaintiffs purport to bring claims under the Fair Labor Standards Act ("FLSA"), New York

Labor Law ("NYLL"), and the New York Codes, Rules and Regulations ("NYCRR").

        2.      Defendants deny the allegations contained in Paragraph 2 of the Complaint, and

aver that both the time to file any motion for class certification and consents to join this action

have expired.

### JURISDICTION AND VENUE

        3.      The allegations contained in Paragraph 3 of the Complaint represent conclusions

of law to which no response is required and which are deemed to be denied.  To the extent a

response is a required, Defendants admit that the Court has jurisdiction pursuant to 29 U.S.C.

§§ 1331, 1337(a), and 1343, and supplemental jurisdiction over Plaintiffs' state law claims

pursuant to 28 U.S.C. § 1367, and otherwise deny the allegations in Paragraph 3 of the Complaint.

4.      Defendants admit that venue is proper.

## THE PARTIES

5.      Defendants deny knowledge or information sufficient to form a belief as to the truth of Paragraph 5 of the Complaint.

6.      Defendants deny knowledge or information sufficient to form a belief as to the truth of Paragraph 6 of the Complaint.

7.      Defendants deny knowledge or information sufficient to form a belief as to the truth of Paragraph 7 of the Complaint.

8.      Defendants admit the allegations in Paragraph 8 of the Complaint.

9.      Defendants deny the allegations in Paragraph 9 of the Complaint, except admit that Amnon Shalhov is an owner of Joy Construction Corp, and aver that he is President of Joy Construction Corp.

10.      Defendants deny the allegations in Paragraph 10 of the Complaint, except aver that Nisan Lobel is Head of Construction.

11.      Defendants deny knowledge or information sufficient to form a belief as to the truth of Paragraph 11 of the Complaint.

## STATEMENT OF FACTS

12.      Defendants admit that Plaintiffs purport to bring an opt-in collective action under 29 U.S.C. § 216(b), but deny such claims are properly brought under and maintained as an opt-in collective action pursuant to  29 U.S.C. § 216(b), and aver that the time to file any consents to join this action has expired.

13.     Defendants deny all the allegations contained in Paragraph 13 of the Complaint, and aver that Plaintiffs have agreed to withdraw all class allegations and aver further that the time to file any motion for class certification has expired.

14.     Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15.     Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16.     Defendants deny the allegations contained in Paragraph 16 of the Complaint as Plaintiffs have agreed to not pursue class allegations, and aver that the time to file any motion for class certification has expired.

## RULE 23 CLASS ALLEGATIONS - NEW YORK

17.     Defendants admit that Plaintiffs purports to bring a claim for relief under Rule 23 of the Federal Rules of Civil Procedure, but aver that Plaintiffs have abandoned their claims brought on behalf of a putative class and aver further that the time to file any motion for class certification has expired.

18.     Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19.     Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20.     Defendants deny all the allegations in Paragraph 20 of the Complaint, and deny knowledge or information sufficient to form a belief about whether Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

21.     Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22.     Defendants deny the allegations contained in Paragraph 22 of the Complaint and deny knowledge or information sufficient to form a belief about other employees.

23.     Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24.     Defendants deny the allegations in Paragraph 24 of the Complaint to the extent Plaintiffs purport to represent a class, and aver that the time to file any motion for class certification has expired.

## STATEMENT OF FACTS

Defendants' Conduct:

25.     Defendants deny the allegations in Paragraph 25 of the Complaint, except admit that Joy Construction Corp. is a construction company that has construction projects throughout the New York City area, including locations where Plaintiffs worked.

26.     Defendants admit the allegations in Paragraph 26 of the Complaint.

27.     Defendants deny the allegations in Paragraph 27 of the Complaint.

28.     Defendants deny the allegations in Paragraph 28 of the Complaint.

29.     Defendants deny the allegations in Paragraph 29 of the Complaint.

30.     Defendants deny the allegations in Paragraph 30 of the Complaint.

31.     Defendants deny the allegations in Paragraph 31 of the Complaint.

32.     Defendants deny the allegations in Paragraph 32 of the Complaint.

33.     Defendants deny the allegations in Paragraph 33 of the Complaint.

34.     Defendants deny the allegations in Paragraph 34 of the Complaint.

Plaintiffs and Class Members:

35.     Defendants deny the allegations in Paragraph 35 of the Complaint, except admit that Joy Construction Corp. employed Plaintiffs to perform security services and that Mr. Kone and Mr. Camara performed services as a construction laborer.

36.     Defendants deny the allegations in Paragraph 36 of the Complaint, except admit that Plaintiffs were employees.

37.     Defendants deny the allegations in Paragraph 37 of the Complaint.

38.     Defendants deny the allegations in Paragraph 38 of the Complaint, except admit that Joy Construction Corp. paid Plaintiffs wages.

39.     Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40.     Defendants deny the allegations contained in Paragraph 40 of the Complaint, except admit that Plaintiffs did not work in an executive, administrative, or professional capacity, and admit that Plaintiffs' work duties did not require any advanced knowledge.

41.     Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42.     Defendants deny the allegations contained in Paragraph 42 of the Complaint, except aver that Plaintiffs in the caption have validly joined this action under 29 U.S.C. § 216(b). Class Representatives Kone and Camara:

43.     Defendants deny the allegations in Paragraph 43 of the Complaint, but admit that Joy Construction Corp. employed Kone as a security guard, and aver that Kone's employment with Joy Construction Corp. started on or about April 28, 2009, and his employment as a security guard ended on or about September 7, 2014.

44.     Defendants deny the allegations in Paragraph 44 of the Complaint.

45.     Defendants deny the allegations in Paragraph 45 of the Complaint.

46.     Defendants deny the allegations in Paragraph 46 of the Complaint.

47.     Defendants deny the allegations in Paragraph 47 of the Complaint, except admit that Joy Construction Corp, employed Diamonde as a security guard, and aver that Diamonde's employment started on or about October 28, 2010, and ended on or about February 2, 2012.

48.     Defendants deny the allegations in Paragraph 48 of the Complaint.

49.     Defendants deny the allegations in Paragraph 49 of the Complaint.

50.     Defendants deny the allegations in Paragraph 50 of the Complaint.

51.      Defendants deny the allegations in Paragraph 51 of the Complaint, except aver that Joy Construction Corp. employed Camara as a security guard and a laborer during certain periods of time, and further aver that Camara commenced his employment with Joy Construction Corp. on or about October 29, 2004 and that his employment ended on or about July 10, 2014.

52.      Defendants deny the allegations in Paragraph 52 of the Complaint.

53.      Defendants deny the allegations in Paragraph 53 of the Complaint.

54.      Defendants deny the allegations in Paragraph 54 of the Complaint.

55.      Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 55 of the Complaint.

**FIRST CAUSE OF ACTION**
**FLSA MINIMUM WAGE COMPENSATION**

56.      Defendants allege and incorporate by reference their above responses to the allegations in Paragraphs 1 through 49 above as if set forth fully and at length herein.

57.      The allegations contained in Paragraph 57 of the Complaint represent conclusions of law to which no response is required.

58.      Defendants deny the allegations in Paragraph 58 of the Complaint, except admit the Joy Construction Corp. is an employer under 29 U.S.C. § 206(d).

59.      Defendants deny the allegations in Paragraph 59 of the Complaint, except admit that Plaintiffs were employees under 29 U.S.C. § 203(e).

60.      Defendants deny the allegations in Paragraph 60 of the Complaint, except admit that Joy Construction Corp. is engaged in commerce.

61.      Defendants deny the allegations in Paragraph 61 of the Complaint, except admit that none of the exemptions of 29 U.S.C. § 213 applies to Plaintiffs.

62.      Defendants deny the allegations in Paragraph 62 of the Complaint.

63.     Defendants deny the allegations in Paragraph 63 of the Complaint.

64.     Defendants deny the allegations in Paragraph 64 of the Complaint.

## SECOND CAUSE OF ACTION
## FLSA OVERTIME WAGE COMPENSATION

65.     Defendants allege and incorporate by reference their above responses to the allegations in Paragraphs 1 through 58 above as if set forth fully and at length herein.

66.     The allegations contained in Paragraph 66 of the Complaint represent conclusions of law to which no response is required.

67.     Defendants deny the allegations in Paragraph 67 of the Complaint.

68.     Defendants deny the allegations in Paragraph 68 of the Complaint.

69.     Defendants deny the allegations in Paragraph 69 of the Complaint.

## THIRD CAUSE OF ACTION
## NEW YORK MINIMUM WAGE COMPENSATION

70.     Defendants allege and incorporate by reference their above responses to the allegations in Paragraphs 1 through 63 above as if set forth fully and at length herein.

71.     The allegations contained in Paragraph 71 of the Complaint represent conclusions of law to which no response is required.

72.     Defendants deny the allegations in Paragraph 72 of the Complaint, but admit that Joy Construction Corp. is an employer within the meaning of New York Labor Law § 651(6).

73.     Defendants deny the allegations in Paragraph 73 of the Complaint, but admit that Plaintiffs were employees within the meaning of New York Labor Law § 651(5).

74.     Defendants deny the allegations in Paragraph 74 of the Complaint.

75.     The allegations contained in Paragraph 75 of the Complaint represent conclusions of law to which no response is required.

76.     Defendants deny the allegations in Paragraph 76 of the Complaint.

**FOURTH CAUSE OF ACTION**
**NEW YORK OVERTIME WAGE COMPENSATION**

77.     Defendants allege and incorporate by reference their above responses to the allegations in Paragraphs 1 through 70 above as if set forth fully and at length herein.

78.     The allegations contained in Paragraph 78 of the Complaint represent conclusions of law to which no response is required.

79.     Defendants deny the allegations in Paragraph 79 of the Complaint.

80.     Defendants deny the allegations in Paragraph 80 of the Complaint.

81.     Defendants deny the allegations in Paragraph 81 of the Complaint.

82.     Defendants deny the allegations in Paragraph 82 of the Complaint.

83.     Defendants deny the allegations in Paragraph 83 of the Complaint.

**FIFTH[1] CAUSE OF ACTION**
**NEW YORK FAILURE TO PAY WAGES**

84.     Defendants allege and incorporate by reference their above responses to the allegations in Paragraphs 1 through 77 above as if set forth fully and at length herein.

85.     The allegations contained in Paragraph 85 of the Complaint represent conclusions of law to which no response is required, and Defendants aver that this Cause of Action has been dismissed by the Court.

86.     The allegations contained in Paragraph 86 of the Complaint represent conclusions of law to which no response is required, and Defendants aver that this Cause of Action has been dismissed by the Court.

---

[1]     While the Complaint notes "FOURTH CAUSE OF ACTION," we assumed Plaintiffs intended this to be the Fifth Cause of Action.

87.     The allegations contained in Paragraph 87 of the Complaint represent conclusions of law to which no response is required, and Defendants aver that this Cause of Action has been dismissed by the Court.

88.     The allegations contained in Paragraph 88 of the Complaint represent conclusions of law to which no response is required, and Defendants aver that this Cause of Action has been dismissed by the Court.

89.     Defendants deny the allegations in Paragraph 89 of the Complaint, and aver that this Cause of Action has been dismissed by the Court.

90.     Defendants deny the allegations in Paragraph 90 of the Complaint, and aver that this Cause of Action has been dismissed by the Court.

91.     Defendants deny the allegations in Paragraph 91 of the Complaint, and aver that this Cause of Action has been dismissed by the Court.

92.     Defendants deny the allegations in Paragraph 92 of the Complaint, and aver that this Cause of Action has been dismissed by the Court.

93.     The allegations contained in Paragraph 93 of the Complaint represent conclusions of law to which no response is required, and Defendants aver that this Cause of Action has been dismissed by the Court.

94.     Defendants deny the allegations in Paragraph 94 of the Complaint, and aver that this Cause of Action has been dismissed by the Court.

95.     Defendants deny the allegations in Paragraph 95 of the Complaint, and aver that this Cause of Action has been dismissed by the Court.

96.     Defendants deny the allegations in Paragraph 96 of the Complaint, and aver that this Cause of Action has been dismissed by the Court.

**SIXTH CAUSE OF ACTION**
**NEW YORK SPREAD OF HOURS**

97.     Defendants allege and incorporate by reference their above responses to the allegations in Paragraphs 1 through 90 above as if set forth fully and at length herein.

98.     The allegations contained in Paragraph 98 of the Complaint represent conclusions of law to which no response is required.

99.     Defendants deny the allegations in Paragraph 99 of the Complaint.

100.    Defendants deny the allegations in Paragraph 100 of the Complaint.

101.    Defendants deny the allegations in Paragraph 101 of the Complaint.

102.    Defendants deny the allegations in Paragraph 102 of the Complaint.

**SEVENTH CAUSE OF ACTION**
**RECORD KEEPING VIOLATIONS**

103.    Defendants allege and incorporate by reference their above responses to the allegations in Paragraphs 1 through 96 above as if set forth fully and at length herein.

104.    Defendants deny the allegations in Paragraph 104 of the Complaint, and aver that this Cause of Action was partially dismissed by the Court.

105.    Defendants deny the allegations in Paragraph 105 of the Complaint, and aver that this Cause of Action was partially dismissed by the Court.

106.    Defendants deny the allegations in Paragraph 106 of the Complaint, and aver that this Cause of Action was partially dismissed by the Court.

**PRAYER FOR RELIEF**

Defendants deny that Plaintiffs are entitled to any of the relief sought in the "Wherefore" clause, including without limitations Paragraph (a) through (m).

a)      Defendants deny the allegations contained in Paragraph (a) of the Complaint.

b)      Defendants deny the allegations contained in Paragraph (b) of the Complaint.

c)       Defendants deny the allegations contained in Paragraph (c) of the Complaint.

d)       Defendants deny the allegations contained in Paragraph (d) of the Complaint.

e)       Defendants deny the allegations contained in Paragraph (e) of the Complaint.

f)       Defendants deny the allegations contained in Paragraph (f) of the Complaint.

g)       Defendants deny the allegations contained in Paragraph (g) of the Complaint.

h)       Defendants deny the allegations contained in Paragraph (h) of the Complaint.

i)       Defendants deny the allegations contained in Paragraph (i) of the Complaint.

j)       Defendants deny the allegations contained in Paragraph (j) of the Complaint.

k)       Defendants deny the allegations contained in Paragraph (k) of the Complaint.

l)       Defendants deny the allegations contained in Paragraph (l) of the Complaint.

m)      Defendants deny the allegations contained in Paragraph (m) of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that they would not otherwise have.  Defendants reserve the right to amend this answer and assert such additional defenses as may appear and prove applicable during the course of the litigation.

## FIRST DEFENSE

Plaintiffs' claims are barred in whole or in part under the applicable statute of limitations.

## SECOND DEFENSE

Plaintiffs' claims are barred in whole or in part because they entered into valid releases.

## THIRD DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of supersedure set forth in 29 U.S.C. § 216(c) for the period of time covered by the investigation of the United States

Department of Labor for which Plaintiffs received an agreed upon amount of back pay that they accepted.

## FOURTH DEFENSE

Plaintiffs fail to state a claim, in whole or in part, upon which relief may be granted.

## FIFTH DEFENSE

If any Plaintiff sustained any damages, although such is not admitted hereby or herein and is specifically denied, the damage was caused by others for whose conduct Defendants cannot be held legally responsible.

## SIXTH DEFENSE

Defendants at all times, in all manners, acted in accordance with any and all duties and obligations under the FLSA and its regulations and the NYLL and its regulations.

## SEVENTH DEFENSE

Defendants have at all times, in all manners, acted in good faith and had reasonable grounds for believing that they complied with the FLSA and the NYLL.

## EIGHTH DEFENSE

Defendants did not willfully deprive Plaintiff of any wages to which they may have been entitled.

## NINTH DEFENSE

Plaintiffs are barred from recovery of some or all the damages sought under the doctrine of unclean hands.

## TENTH DEFENSE

Plaintiffs are barred from recovery of some or all of the damages sought because they are not authorized by the FLSA, the NYLL, the Constitution of the State of New York and/or the United States Constitution.

## ELEVENTH DEFENSE

Plaintiffs are barred from recovery of some or all of the damages sought because they agreed in writing to exclude from hours worked bona fide regularly scheduled sleeping periods of 8 hours, adequate sleeping facilities were furnished by Joy Construction Corp., and Plaintiffs could enjoy an uninterrupted night's sleep.

## TWELFTH DEFENSE

Amnon Shalhov and Nisan Lobel do not qualify as "employers" or "joint employers" under the Fair Labor Standards Act or the New York Labor Law.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred to the extent that they claim hours worked that they had an opportunity to report but failed to do so.

## FOURTEENTH DEFENSE

If Plaintiffs have sustained any damages, although such is not admitted hereby or herein and is specifically denied, Defendants are entitled under the equitable doctrine of setoff and recoupment, statutory exclusions, exceptions, or credits to offset all remuneration owed to Plaintiffs, and liability to any particular Plaintiff has been fully or partially satisfied by the payment of additional compensation beyond what Defendants actually owed.

Dated: New York, New York
      March 17, 2016

               Respectfully submitted,

               SEYFARTH SHAW LLP

               By:  /s/ Peter A. Walker
                    Peter A. Walker

               Dov Kesselman
               John T. DiNapoli
               620 Eighth Avenue
               New York, New York 10018

Tel: (212) 218-5500
Fax: (212) 218-5526
pwalker@seyfarth.com
dkesselman@seyfarth.com
jdinapoli@seyfarth.com

*Attorneys for Defendants*

14