# EXHIBIT A
# TO SUPPLEMENTAL DECLARATION
# OF STEPHEN H. PENN

# FORM OF
# REVISED SETTLEMENT AGREEMENT

## SETTLEMENT AGREEMENT AND RELEASE

### Aly Camara

**1. Parties.** The parties to this Agreement are you, Aly Camara (for yourself, your family, beneficiaries and anyone acting for you) (hereinafter "You"), and Joy Construction Corp. ("Joy Construction"), Amnon Shalhov, and Nisan Lobel (collectively, "Defendants").

You and Defendants are presently parties to a lawsuit now pending before the U.S. District Court for the Southern District of New York, Case No. 15-cv- 1328 (LTS)(DCF) (the "Lawsuit"). You and Defendants are interested in avoiding all further legal costs and disputes and in fully and expeditiously resolving all claims, charges, or issues of law or fact that were or could have been raised by you against Defendants as of the date you sign this Agreement.

**2. Consideration.** In complete settlement of all claims that you have or may have against Defendants and subject to the terms below, Joy Construction agrees to pay the gross sum of $_____ (_____) to be apportioned as follows:

- $_____, minus applicable deductions and withholdings, for lost wages by check made payable to you. Joy Construction will issue an IRS Form W-2 to you reflecting this payment.

- $_____, for non-wage compensatory or liquidated damages. Defendants' receipt of an IRS Form W-9 completed and executed by you is a condition precedent to this payment. Joy Construction will issue an IRS Form 1099 to you reflecting this payment.

- $_____, for attorney fees and costs, by check made payable to Stephen H. Penn, PLLC. Defendants' receipt of an IRS Form W-9 completed and executed by Stephen H. Penn, PLLC is a condition precedent to this payment. Joy Construction will issue an IRS Form 1099 to you and Stephen H. Penn, PLLC reflecting this payment.

You acknowledge that you have not relied on any statements or representations by Defendants or their attorneys with respect to the tax treatment of the payments described in this section. If any taxing body determines that the tax treatment was incorrect and that greater amounts should have been withheld from any payment above (or any part thereof), you acknowledge and assume all responsibility for paying those amounts and further agree to indemnify and hold Defendants harmless for payment of any additional taxes and any interest and penalties thereon.

The parties warrant that they are not aware of any attorneys' liens placed on this matter.

You agree that the payments above are consideration for the promises by you contained herein and that Defendants were not otherwise obligated to make these payments.

Defendants' obligations to make the payments above shall become due thirty (30) business days after the later of: (i) Defendants receive this Agreement executed by you; (ii) Defendants' receive an order approving this settlement and dismissing the Lawsuit; and (iii) any applicable revocation period.

1

3. **Court Approval of Settlement Agreement.** The parties agree that the Court's approval of this Agreement as fair and reasonable and the subsequent dismissal of the Lawsuit with prejudice is a condition precedent to Defendants' promises in this Agreement. You understand counsel will jointly submit a motion to the Court for approval of this settlement as fair and reasonable.

4. **Release.** You release Defendants (plus Joy Construction's parents, subsidiaries, affiliates, predecessors, successors and any other entity related to it and all of its and their past and present directors, officers, employees and anyone else acting for any of them – all together "Releasees") from all claims of any type to date, known or unknown, suspected or unsuspected, arising out of the claims asserted in this litigation or relating to the payment or non-payment of any form of wages, compensation, or benefits during your employment by Joy Construction or any of its parents, subsidiaries, contractors, or affiliates, to the fullest extent allowed by law. This means that, in connection with the claims asserted in this litigation or to the payment or non-payment of any form of wages, compensation or benefits during your employment, you give up all claims for:

- any pay/compensation/benefits (whether under the federal Fair Labor Standards Act, the New York Labor Law, or otherwise) including backpay, frontpay, overtime, spread of hours pay, bonuses, commissions, equity, expenses, incentives, insurance, paid/unpaid leave/time off, profit sharing, salary, or separation pay/benefits;

- compensatory/emotional/distress damages; punitive or liquidated damages, attorney fees, costs, interest or penalties;

- any violation of express or implied employment contracts, covenants, promises or duties; and

- any participation in any related class, collective, or representative action against Defendants.

5. **Release Exclusions/Individual Protections.** This Agreement's release provisions exclude: claims arising after you sign this Agreement; claims for breach of this Agreement; and claims that cannot be waived, such as for unemployment or worker's compensation. Neither the release provisions above nor anything else in this Agreement limit your rights to file a charge with any administrative agency (such as the U.S. Equal Employment Opportunity Commission or a state fair employment practices agency), provide information to an agency, or otherwise participate in an agency investigation or other administrative proceeding. However, you give up all rights to any money or other individual relief based on any agency or judicial decision, including class or collective action rulings, that is covered by the release in this agreement.

6. **Promise Not To Sue.** A "promise not to sue" means you promise not to sue any Releasee in court. This is different from the Release above. Besides releasing claims covered by that Release, you agree never to sue any Releasee for any reason covered by that Release. Despite this Promise Not To Sue, however, you may file suit to enforce this Agreement or to challenge its validity under the ADEA. If you sue a Releasee in violation of this Agreement you shall be required to pay all resulting damages from your breach, as determined by a court or arbitrator. In that event, Defendants shall be excused from any remaining obligations that exist solely because of this Agreement.

**7.  Whistleblowing.**  You agree that beyond the allegations contained in the Complaint: (i) no one interfered with your ability to report within Joy Construction possible violations of any law, and (ii) it was Joy Construction's policy throughout your employment to encourage such reporting.

**8.  Return of Company Property.**  You have returned (or you will before receiving any settlement payments described above) all Joy Construction's property you possessed or controlled, including but not limited to any confidential information, business equipment, credit cards, keys, software or work product.  Joy Construction's property includes all originals plus hard copies and electronic versions of all documents, such as e-mails, facsimiles, files, handbooks, letters, manuals, memoranda, power points, records and reports.

**9.  Non-Disparagement.**  Once you have signed this Agreement, you will not do or say anything, directly or indirectly, that disparages, reflects negatively on, or otherwise detrimentally affects Joy Construction, it's officers, owners, employees, products or its services.

**10.  Non-Admission.**  Neither Defendants' offer reflected in this Agreement nor any payment under this Agreement are an admission that you have a viable claim against Defendants or any other Releasee.  Each Releasee denies all liability.

**11.  Applicable Law.**  This Agreement shall be interpreted under federal law if that law governs, and otherwise under the laws of the State of New York, without regard to its choice of law provisions.

**12.  Dispute Resolution.**  Any dispute regarding this Agreement will be decided through binding arbitration to take place: (i) in the State of New York and (ii) under the American Arbitration Association Employment Arbitration Rules and Mediation Procedures, as amended, but excluding application of the Supplementary Rules for Class Arbitrations effective as of October 10, 2003. Also excluded from this Dispute Resolution requirement are pre-judgment actions for injunctive relief to enforce the terms of this Agreement.  Both parties waive their right to a jury trial.  If you initiate arbitration, you will be required to pay the first $100 of the required AAA fee; Defendants shall pay the remainder.  If Defendants initiate arbitration, they shall pay 100% of the required AAA fee.  Each side shall pay its own legal fees and expenses, except where such legal fees and expenses may be awarded under applicable law.  The expenses of witnesses for either side shall be paid by the party requiring the presence of such witnesses.  All other expenses of the arbitration shall be paid by Defendants.

**13.  Enforceability.**  If a court (or arbitrator) finds any part of this Agreement unenforceable, that part shall be modified and the rest enforced, except that if a court (or arbitrator) finds paragraphs 4 or 6 unenforceable, then none of the remaining obligations on Defendants shall be enforced, and monies paid in settlement shall be subject to return to Defendants.  If a court (or arbitrator) finds any such part incapable of being modified, it shall be severed and the rest enforced, except that if a court (or arbitrator) finds paragraphs 4 or 6 unenforceable as written, then none of the remaining obligations on Defendants shall be enforced, and monies paid in settlement shall be subject to return to Defendants. A decision not to enforce this Agreement does not waive any future violation.

**14.  Enforcement.**  Nothing in this Agreement limits either party's right to obtain preliminary or permanent injunctive relief if either party breaches this Agreement, plus any additional relief determined to be appropriate.

**15. Medicare Secondary Payer.** Both parties represent that none of the monies paid under this Agreement are for (i) payment of medical expenses incurred by you, or (ii) injuries for which you have received or can receive Medicare or Medicaid benefits. Nothing in this Agreement prevents either party from: (i) communicating information about this Agreement for compliance purposes under the Medicare Secondary Payer law or the Medicare, Medicaid, and SCHIP Extension Act of 2007; or (ii) otherwise complying with these laws.

**16. Entire Agreement.** This Agreement is the complete understanding between you and Defendants. It replaces any other agreements, representations or promises, written or oral .

**17. Time to Consider.** You have been given 21 days to consider this Agreement. You must sign and return this Agreement to Defendants in the time given if you want to get the separation pay/benefits listed at the beginning of this Agreement.

**18. Time to Revoke.** After you sign this Agreement, you have 7 days to revoke it by providing written notice to Defendants' representative signing below. This Agreement is not effective or enforceable until the revocation period expires, and your counsel notifies counsel for Defendants in writing that you have elected to not revoke the Agreement. You hereby authorize your counsel to make such representation on your behalf. If you revoke this Agreement, you will not receive the pay/benefits listed at the beginning of this Agreement.

**19. Neutral Reference.** Joy Construction's response to a reference request will be limited to your employment dates and last position.

**20. Other Representations.** You agree:

- You yourself actually performed work for Joy Construction as a security guard during the times claimed in this lawsuit [and if A/K/A, "but did so under the name 'ADD.'"].

- You worked for Joy Construction from October 2004 to July 2014.

- You did not work for Joy Construction under any other name.

- You no longer work for Joy Construction.

- You are signing this Agreement in your own legal name and not on behalf of someone else, and you have provided identification of your identity acceptable to Defendants.

- With the settlement payments noted above, you acknowledge that you will not receive, and are not entitled to any other pay/compensation/benefits/leave/time off you are due to date, including for overtime or vacation;

- You have not suffered any on-the-job injury for which you have not already filed a claim, and the end of your employment is not related to any such injury;

- This entire document was translated and read to you in your native language or French, if you are fluent in that language, prior to your signing in the presence of your counsel and your affirmation of this will be and was recorded on video at the offices of counsel for Defendants with your counsel present;

4

- You have been given the opportunity to ask questions about this Agreement and all of your questions, if any, have been satisfactorily answered;

- You have consulted with an attorney before signing below; and

- You are signing this Agreement knowingly and voluntarily.


_____
Aly Camara                                                                Date


On the ___ day of _____ in the year 2016 before me, the undersigned, personally appeared, Aly Camara, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.


_____
Notary Public


_____
Joy Construction Corp., by Amnon Shalhov          Date


_____
Amnon Shalhov, individually                                   Date


_____
Nisan Lobel, individually                                          Date

5