UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

ISSA KONE, ADAMA DIOMANDE,
ALY CAMARA, DOUGA DEMBELE (a/k/a
Baba Gory), FOUSSEYNOU DIALLO,
MAMADOU DOUMBIA, FODAY JAWARA,
ISSELMOU KHALIFA, MALICK DIAOUNE
(a/k/a Seydou Sangare), and DJIME SOUKOUNA,

                           Plaintiffs,
   -v-                                                   No. 15-CV-1328-LTS-DCF

JOY CONSTRUCTION CORPORATION,
AMNON SHALHOV, NISAN LOBEL, and
JOHN DOES 1-10,

                           Defendants.[1]
-------------------------------------------------------------X

## MEMORANDUM ORDER

The Court has received and reviewed the parties' joint request for approval of the proposed settlement agreement in this Fair Labor Standards Act ("FLSA") case. (See Docket Entry Nos. 63, 70.) "[B]efore a district court enters judgment [on an FLSA settlement agreement], it must scrutinize the settlement agreement to determine that the settlement is fair and reasonable." Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). "The ultimate question is whether the proposed settlement reflects a fair and reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." Id. (internal quotation marks and citation omitted). In determining whether a settlement is fair and reasonable, a court considers the totality of the circumstances,

---

[1] Plaintiffs have determined not to proceed on a class action basis and instead propose to settle the claims of the nine individuals who have initiated or opted-in to this action. (See Docket Entry No. 64 at 3, 4, 7.) The Clerk of Court is accordingly directed to amend the caption of the case as set forth above.

encompassing a range of factors including: "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." Id. (internal quotation marks and citation omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (internal quotation marks and citation omitted). Moreover, following the Second Circuit's decision in Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015), parties may not privately settle FLSA claims without approval of either the district court or the Department of Labor. In dicta in Cheeks, the Second Circuit expressed hesitation with respect to the validity of settlement agreements containing confidentiality provisions, general releases or excessive attorneys' fees. See generally id.

        The Court has carefully considered the parties' joint submission, which includes the Declaration of Stephen H. Penn in Support of Joint Motion for Approval of Settlement Agreement (the "Original Declaration") and exhibits thereto, as well as the Renewed Joint Motion for Approval of Revised Settlement Agreement and the Supplemental Declaration of Stephen H. Penn, Esq. in Support of Renewed Joint Motion for Approval of Settlement Agreement (the "Supplemental Declaration") and exhibits thereto. (See Docket Entry Nos. 63-64, 70-71.)

        In the Original Declaration, filed on August 16, 2016, the parties' positions on the fairness of the settlement diverged on a material issue: whether or not the Settlement Agreement

would ultimately include "a general release by both parties against the other."  (See Docket Entry No. 64.)

That motion and declaration also sought to cover resolution of the contemplated claims of Mr. Djime Soukouna, who had not filed with the Court a consent to join this action. (See id.)  On September 16, 2016, the Court issued a memorandum order denying without prejudice the Joint Motion to Approve Settlement, directing the parties to adopt revisions removing the general release proposed by the Defendants, take appropriate steps to join Mr. Soukouna to this action if they wished to cover Mr. Soukouna's claims, and resubmit a revised agreement for approval.  (See Docket Entry No. 66.)

The Court has carefully considered the parties' joint submission, which includes the Original Declaration and Supplemental Declaration, the proposed Settlement Agreement, a redline reflecting changes to the Settlement Agreement since the version filed on August 16, 2016, the Complaint, a Stipulation Amending the Complaint, the Court's Memorandum Opinion and Order dated March 3, 2016 entirely dismissing certain claims and partially dismissing certain claims, Plaintiffs' opt-in forms, Defendants' Answer and Affirmative Defenses to the Complaint, and a chart listing the proposed settlement amount and attorneys' fees and costs to be paid to each plaintiff.  (See Docket Entry Nos. 63-64, 70.)  The Court has also reviewed Mr. Soukouna's recent notice of consent to join the action (see Docket Entry No. 67; see also Docket Entry No. 71, Exhibit C), and the parties' executed stipulation agreeing to Mr. Soukouna's inclusion as a plaintiff in this action, (see Docket Entry No. 71, Exhibit D).

In light of the factors articulated above, as well as the Court's review of the agreement and the parties' representations as set forth in the Original Declaration and Supplemental Declaration, the Court finds that the parties' settlement agreement (Docket Entry

3

No. 71-1), including the attorneys' fees and expense award component, is fair and reasonable and that it satisfies the requirements of <u>Cheeks</u>.  The parties are directed to submit their Stipulation of Dismissal promptly.  This order resolves Docket Entry Nos. 63 and 70.

    This action having been settled, the Complaint is dismissed and the Clerk of Court is directed to close this case.


    SO ORDERED.



Dated: New York, New York
   October 21, 2016

                  <u>/s/  Laura Taylor Swain</u>
                  LAURA TAYLOR SWAIN
                  United States District Judge